UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

CHERYL STAPLE,

    Plaintiff,

vs.

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), through undersigned counsel, files this Notice of Removal of an action pending in the Circuit Court for Thirteenth Judicial Circuit in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida.

**I. Nature of the Action**

1. Plaintiff, Cheryl Staple, commenced this action entitled *Cheryl Staple v. Northwestern Mutual Life Insurance Company*, Case No. 17-CA-10475, against Northwestern Mutual in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

2. The Complaint seeks life insurance benefits stemming from four life insurance policies that Northwestern Mutual issued to Plaintiff's former husband, Desmond Staple, who is deceased. Compl. at ¶¶ 5 – 6.

## II. Diversity Jurisdiction

### A. Diversity of Citizenship

3. This action satisfies 28 U.S.C. §1332 because, at the time the Complaint was filed and at the time of removal, the parties are citizens of different states.

4. In the Complaint, Plaintiff alleges that she resides in Tampa, Hillsborough County, Florida. Compl. ¶2. Based upon this representation and the course of dealings between the parties, Plaintiff is a citizen of the State of Florida.

5. Northwestern Mutual is not a citizen of the State of Florida. At all times material to the filing and service of the Complaint, Northwestern Mutual was and is an citizen of Wisconsin, where it is incorporated and where it has its principal place of business. (Attached as **Exhibit 1** are records from the Florida Department of State Division of Corporations reflecting that Northwestern Mutual is a Wisconsin corporation with its principal office in Wisconsin.)

6. In the Complaint, Plaintiff does not reference Northwestern Mutual's citizenship.[1] 28 U.S.C. §1332 speaks in terms of "citizenship" for purposes of determining diversity. The Notice of Removal, however, corrects these technical impediments to removal by identifying the citizenship of the parties.

7. For purposes of diversity, this Court may consider the entire record presented to it for removal and not merely the Complaint. *Woolard v. Heyer-Schulte*, 791 F. Supp. 294 (S.D. Fla. 1992); *see also Wright v. Continental Casualty Co.*, 456 F. Supp. 1075, 1077 (M.D. Fla. 1978) ("Removability is determined by the allegations of the complaint if it adequately alleges the amount in controversy; but, if it does not, then the Court may look to the petition for removal."). The *Woolard* court held that a defendant seeking to remove an action based on

---

[1] A corporation is "deemed" to be citizen of its state of incorporation and its principal place of business for purposes of diversity. 28 U.S.C. § 1332(c).

2

diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers. *Woolard*, 791 F. Supp. at 295; *see also Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246 (S.D. Fla. 1982); *Estevez-Gonzalez v. Kraft, Inc.,* 606 F. Supp. 127, 129 (S.D. Fla. 1985).

8. In *Woolard*, the court specifically rejected the argument that a court should only look at the face of a complaint when determining removal jurisdiction in diversity cases. *Woolard*, 791 F. Supp. at 295. The court stated that if it adopted the face of the complaint rule:

> [D]efendants' statutory right to removal would be wholly contingent upon the plaintiff's choice of words. If, for example, a citizen of Florida were suing a citizen of New York in Florida state court for a million dollars, he could foreclose the possibility of removal simply by omitting any allegation of the defendant's citizenship. As the commentators have written, "[w]ere this the rule, it would be a most undesirable one."

*Id*. at 296 (citations omitted); *see also Wright*, 456 F. Supp. at 1077.

9. Additionally, *Federal Practice and Procedure* by Wright, Miller & Cooper, explains that a federal district court's consideration of both the complaint and the notice of removal is statutorily correct. Indeed, the failure to consider the notice of removal would deprive Northwestern Mutual of its statutory right to remove. Section 3734 of *Federal Practice and Procedure* states:

> Fortunately, in practice, the federal courts usually do not limit their inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed in the record of the case as a whole, in determining the propriety of removal. Section 1446(b) makes clear that this practice is correct. The passage in section 1446(b)(3) to the effect that a previously unremovable case may be removed by filing a notice of removal within 30 days of receipt of an "amended pleading, motion, order or other paper" from which it first appears that the case is removable demonstrates that any of the referred-to papers may be considered in determining the removability of a case, and it has been so held. There is no reason to believe that Congress intended to permit the district courts to look beyond the complaint in connection with the renewed removal right provided

> for in the section 1446(b)(3) but did not intend the district courts to look beyond the complaint during the initial removal period that is provided for in the section 1446(b)(1).
>
> Moreover, there would be little point in requiring the notice of removal to contain a "short and plain statement" of the grounds for removal if the federal court could not look to that statement to inform itself of the propriety of removal.

§ 3734 Procedure for Removal—Stating the Grounds of Removability, 14C Fed. Prac. & Proc. Juris. § 3734 (4th ed.) (footnotes omitted).

10. To look strictly to the Complaint, and nothing else, would allow Plaintiff, either intentionally or unintentionally, to defeat Northwestern Mutual's attempt to remove a case which in fact meets the diversity jurisdiction requirements simply by mischaracterizing or omitting relevant facts from the Complaint. *Id.* Thus, it is evident from the Complaint and the Notice of Removal that diversity of citizenship exists.

**B. Amount in Controversy**

11. This case satisfies 28 U.S.C. §1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

12. A defendant seeking removal on diversity grounds should not be denied "access to federal court merely because the complaint … is couched in nebulous terms." *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246 (S.D. Fla. 1982) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 255 (5th Cir. 1961)).[2] Thus, in determining whether the amount in controversy exceeds the jurisdictional requirement, the allegations in the complaint must be given a reasonable interpretation. *See Estevez-Gonzalez*

---

[2] All opinions of the former Fifth Circuit decided prior to the close of business on September 30, 1981 are binding precedent on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985); *see also Baker*, 537 F. Supp. at 246; *Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978).

13. "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010), citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.")

14. While Plaintiff does not allege a specific amount of damages in her Complaint, she does allege that she is entitled to the life insurance benefits under the four life insurance that Northwestern Mutual issued to Mr. Staple, and Plaintiff attaches the four policies as exhibits to the Complaint.  Compl. at ¶¶15, 22, 29, and 36.  The four policies attached to the Complaint reflect that the total death benefits sought by Plaintiff in this action total $4,000,000.00:

    (a)    Policy 21144517, which is attached as an exhibit to the Complaint, provides for a $250,000.00 death benefit;[3]

    (b)    Policy 21144525, which is attached as an exhibit to the Complaint, also provides for a $250,000.00 death benefit;

    (c)    Policy 21200595, which is attached as an exhibit to the Complaint, provides for a $500,000.00 death benefit; and

---

[3] Northwestern Mutual disputes that Plaintiff is entitled to the policies' death benefits.

(d)  Policy 21316990, which is attached as an exhibit to the Complaint, provides for a $3,000,000.00 death benefit.

15. Therefore, Plaintiff's claim for damages exceeds the Court's $75,000.00 jurisdictional minimum.

**C. Timeliness, Filing, and Service of Removal Papers**

16. This Notice of Removal is timely filed under 28 U.S.C. §1446(b) because it was filed within thirty (30) days of Northwestern Mutual's receipt of the initial pleading setting forth Plaintiff's claim for relief upon which this action is based. The Chief Financial Officer of the State of Florida electronically served Northwestern Mutual with the Complaint on November 22, 2017. Thus, this Notice of Removal is timely filed.

17. Pursuant to 28 U.S.C. §1446(a), attached as **Exhibit 2** are copies of all process, pleadings, and orders served upon or filed in the state court proceeding.

18. By filing this Notice of Removal, Northwestern Mutual does not waive any defenses to the claims asserted by Plaintiff which may be available to it, nor does it concede that Plaintiff has stated any claim upon which relief can be granted.

19. A copy of this Notice of Removal will be filed promptly in the Circuit Court in and for Hillsborough County, where this action arose. Additionally, the Notice of Removal will be served upon Plaintiff's counsel.

20. Accordingly, Northwestern Mutual respectfully requests that the United States District Court for the Middle District of Florida accept this Notice of Removal and that it assume jurisdiction of this cause.

WHEREFORE, Defendant, The Northwestern Mutual Life Insurance Company, hereby gives notice of the removal of this action from the Circuit Court for the Thirteenth Judicial Court

in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida.

        **SHUTTS & BOWEN LLP**
        *Attorneys for Northwestern Mutual*
        200 South Biscayne Boulevard
        Suite 4100
        Miami, Florida 33131
        Tel:  (305) 358-6300
        Fax: (305) 381-9982

By: */s/ John E. Meagher*
     John E. Meagher
     Florida Bar No. 511099
     *jmeagher@shutts.com*
     Brad Redlien
     Florida Bar No. 0778761
     *bredlien@shutts.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21st, 2017, I filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via US Mail, an authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SHUTTS & BOWEN LLP**

*/s/ John E. Meagher*
Of Counsel

## SERVICE LIST

*Cheryl Staple v. Northwestern Mutual Life Insurance Company*
**United States District Court, Middle District of Florida**
**Tampa Division**

Theodore A. Corless, Esq.
Mary Catherine Lamoureux, Esq.
Corless Barfield Trial Group, LLC
6812 W. Linebaugh Ave.
Tampa, FL 33625
*service@corlessbarfield.com*
*tcorless@corlessbarfield.com*
*mlamoureux@corlessbarfield.com*
  Counsel for Plaintiff

MIADOCS 15752237 2 N0009.0728