IN THE CIRCUIT COURT, THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

CHERYL STAPLE,

    Plaintiff,                                                 CASE NUMBER:
                                                                    DIVISION:

vs.

NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

**COMPLAINT, DEMAND FOR JURY TRIAL, AND
PETITION FOR DECLARATORY RELIEF**

Plaintiff, MRS. CHERYL STAPLE, by and through her undersigned counsel, hereby sues Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, and as grounds therefore would state as follows:

**GENERAL ALLEGATIONS**

1. This is an action for damages in excess of fifteen thousand dollars ($15,000), exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff, Mrs. CHERYL STAPLE, ("Mrs. Staple") resided in Tampa, Hillsborough County, Florida.

3. Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY ("the Insurance Company"), is an insurance company authorized to do business in the state of Florida, and was doing business at all times material hereto in Tampa, Hillsborough County, Florida.

4. Prior to and on March 16, 2016, Mr. Desmond Staple ("the Decedent Staple") and Mrs. Staple resided as husband and wife with their children in Hillsborough County, Florida.

1

5. At the time of Desmond Staple's death, he was insured under four (4) policies of insurance issued by the Insurance Company: Policy No. 21144517 (Estate Whole Life with Additional Protection) attached hereto as Exhibit "A"; Policy No. 21144525 (Term Life) attached hereto as Exhibit "B"; Policy No. 21200595 (Term Life) attached hereto as Exhibit "C"; and Policy No. 21316990 (Term Life) attached hereto as Exhibit "D". All premiums owed for these policies were current at the time of his death, on March 16, 2016.

6. Mrs. Staple is the named Direct Beneficiary of all four (4) of these policies identified in paragraph number 5. All conditions for payment to Mrs. Staple as directed by these policies has been satisfied, or waived.

7. At various times since his death, the Insurance Company has denied it owes benefits to Mrs. Staple pursuant to any of the four (4) insurance policies issued to Desmond Staple. In its letters to Mrs. Staple and her representatives, the Insurance Company references each and every reason for why it denies it owes Mrs. Staple.

8. Mrs. Staple has satisfied all requests made upon her, including her duty to cooperate. Nonetheless, the Insurance Company alleges it could not complete the adjustment of the claim due to her alleged failure to cooperate.

9. The Decedent Staple did not intentionally take his life. Nonetheless, the Insurance Company refuses to pay benefits owed to Mrs. Staple.

10. Prior to the commencement of this lawsuit, the Insurance Company was in possession of at least one expert report indicating that the manner of death of the Decedent Staple was not intentional. Nonetheless, the Insurance Company refuses to pay benefits.

11. The Hillsborough County Medical Examiner issued a report following the autopsy of the Decedent Staple. The Insurance Company relied upon this report in denying benefits to Mrs. Staple.

12. The Hillsborough County Medical Examiner reports upon which the Insurance Company relies contains material errors, which are known to the Insurance Company to be

erroneous yet the Insurance Company refuses to pay benefits, and instead relies blindly upon the reports of the Hillsborough County Medical Examiner because they support its denial of benefits.

**COUNT I - BREACH OF CONTRACT—Policy No. 21144517**

13. Mrs. Staple realleges and incorporates herein by reference paragraphs 1 through 12.

14. Upon the death of Desmond Staple, Mrs. Staple, who is the named Direct Beneficiary, applied for benefits as outlined under Policy No. 21144517. Thereafter, on multiple occasions, the Insurance Company advised Mrs. Staple that they are denying benefits, for the reasons set forth in correspondence setting forth the bases for its denial.

15. Mrs. Staple is entitled to all benefits owed her as the Direct Beneficiary under Policy No. 21144517. The Insurance Company refused and continues to refuse to pay the benefits owed to Mrs. Staple as the Direct Beneficiary under Policy No. 21144517.

16. The Insurance Company has breached Policy No. 21144517 by failing to pay benefits due thereunder to Mr. Staple.

17. Any obligations Mrs. Staple may have had to comply with conditions precedent to filing suit, or to receiving payment, or otherwise have been discharged due to the Insurance Company's denial of the requested benefits and breach of material terms of the insurance contract and Florida Statutes.

18. Due to the Insurance Company's refusal to pay benefits owed to Mrs. Staple, she has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

19. Mrs. Staple is entitled to attorneys' fees pursuant to section 627.428, <u>Florida Statutes</u>, as well as prejudgment interest, expert fees, and taxable costs.

WHEREFORE, Plaintiff, MRS. CHERYL STAPLE, demands judgment against Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, for: (i) all benefits due under this insurance policy, Northwestern Mutual Life Insurance Company No. 21144517; (ii) pre-judgment interest; and (iii) court costs, costs, expert fees and attorneys' fees pursuant to

section 627.428, Florida Statutes, and such other and further relief as this court deems just, necessary, and proper.

### COUNT II - BREACH OF CONTRACT-- Policy No. 21144525

20. Mrs. Staple realleges and incorporates herein by reference paragraphs 1 through 12.

21. Upon the death of Desmond Staple, Mrs. Staple, who is the named Direct Beneficiary, applied for benefits as outlined under Policy No. 21144525. Thereafter, on multiple occasions, the Insurance Company advised Mrs. Staple that they are denying benefits, for the reasons set forth in correspondence setting forth the bases for its denial.

22. Mrs. Staple is entitled to all benefits owed her as the Direct Beneficiary under Policy No. 21144525. The Insurance Company refused and continues to refuse to pay the benefits owed to Mrs. Staple as the Direct Beneficiary under Policy No. 21144525.

23. The Insurance Company has breached Policy No. 21144525 by failing to pay benefits due thereunder to Mr. Staple.

24. Any obligations Mrs. Staple may have had to comply with conditions precedent to filing suit, or to receiving payment, or otherwise have been discharged due to the Insurance Company's denial of the requested benefits and breach of material terms of the insurance contract and Florida Statutes.

25. Due to the Insurance Company's refusal to pay benefits owed to Mrs. Staple, she has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

26. Mrs. Staple is entitled to attorneys' fees pursuant to section 627.428, Florida Statutes, as well as prejudgment interest, expert fees, and taxable costs.

WHEREFORE, Plaintiff, MRS. CHERYL STAPLE, demands judgment against Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, for: (i) all benefits due under this insurance policy, specifically Northwestern Mutual Life Insurance Company Policy No. 21144525; (ii) pre-judgment interest; and (iii) court costs, costs, expert fees and attorneys' fees pursuant to section 627.428, Florida Statutes, and such other and further relief as this court deems just, necessary, and proper.

### COUNT III - BREACH OF CONTRACT-- Policy No. 21200595

27. Mrs. Staple realleges and incorporates herein by reference paragraphs 1 through 12.

28. Upon the death of Desmond Staple, Mrs. Staple, who is the named Direct Beneficiary, applied for benefits as outlined under Policy No. 21200595. Thereafter, on multiple occasions, the Insurance Company advised Mrs. Staple that they are denying benefits, for the reasons set forth in correspondence setting forth the bases for its denial.

29. Mrs. Staple is entitled to all benefits owed her as the Direct Beneficiary under Policy No. 21144525. The Insurance Company refused and continues to refuse to pay the benefits owed to Mrs. Staple as the Direct Beneficiary under Policy No. 21200595.

30. The Insurance Company has breached Policy No. 21200595 by failing to pay benefits due thereunder to Mr. Staple.

31. Any obligations Mrs. Staple may have had to comply with conditions precedent to filing suit, or to receiving payment, or otherwise have been discharged due to the Insurance Company's denial of the requested benefits and breach of material terms of the insurance contract and Florida Statutes.

32. Due to the Insurance Company's refusal to pay benefits owed to Mrs. Staple, she has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

33. Mrs. Staple is entitled to attorneys' fees pursuant to section 627.428, <u>Florida Statutes</u>, as well as prejudgment interest, expert fees, and taxable costs.

WHEREFORE, Plaintiff, MRS. CHERYL STAPLE, demands judgment against Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, for: (i) all benefits due under this insurance policy, specifically Northwestern Mutual Life Insurance Company Policy No. 21200595; (ii) pre-judgment interest; and (iii) court costs, costs, expert fees and attorneys' fees pursuant to section 627.428, <u>Florida Statutes</u>, and such other and further relief as this court deems just, necessary, and proper.

### COUNT IV - BREACH OF CONTRACT-- Policy No. 21316990

34. Mrs. Staple realleges and incorporates herein by reference paragraphs 1 through 12.

35. Upon the death of Desmond Staple, Mrs. Staple, who is the named Direct Beneficiary, applied for benefits as outlined under Policy No. 21316990. Thereafter, on multiple occasions, the Insurance Company advised Mrs. Staple that they are denying benefits, for the reasons set forth in correspondence setting forth the bases for its denial.

36. Mrs. Staple is entitled to all benefits owed her as the Direct Beneficiary under Policy No. 21144525. The Insurance Company refused and continues to refuse to pay the benefits owed to Mrs. Staple as the Direct Beneficiary under Policy No. 21316990.

37. The Insurance Company has breached Policy No. 21316990 by failing to pay benefits due thereunder to Mrs. Staple.

38.     Any obligations Mrs. Staple may have had to comply with conditions precedent to filing suit, or to receiving payment, or otherwise have been discharged due to the Insurance Company's denial of the requested benefits and breach of material terms of the insurance contract and Florida Statutes.

39.     Due to the Insurance Company's refusal to pay benefits owed to Staple, she has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

40.     Plaintiff is entitled to attorneys' fees pursuant to section 627.428, Florida Statutes, as well as prejudgment interest, expert fees, and taxable costs.

WHEREFORE, Plaintiff, Mrs. CHERYL STAPLE, demands judgment against Defendant, NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, for: (i) all benefits due under this insurance policy, specifically Northwestern Mutual Life Insurance Company Policy No. 21316990; (ii) pre-judgment interest; and (iii) court costs, costs, expert fees and attorneys' fees pursuant to section 627.428, Florida Statutes, and such other and further relief as this court deems just, necessary, and proper.

## COUNT V-PETITION FOR DECLARATORY RELIEF

41.     Staple realleges and incorporates herein by reference paragraphs 1 through 7.

42.     This is an action by Mrs. Staple seeking this Court's determination pursuant to Chapter 86, Florida Statutes, regarding insurance benefits claimed to be owed her under four (4) policies of insurance issued by the Insurance Company: Policy No. 21144517; Policy No. 21144525; Policy No. 21200595; and Policy No. 21316990.

43.     A bona fide present factual and legal controversy exists between Staple and the Insurance Company regarding Desmond Staple's alleged manner of death. The Insurance Company

maintains that Desmond Staple's alleged manner of death limits the amount of benefits owed to Staple under the four (4) policies of insurance issued to Desmond Staple to the policy premiums paid. Staple disputes the manner of Desmond Staple's death alleged by the Insurance Company and the amount of benefits owed Staple as the Direct Beneficiary of the four (4) policies of insurance issued to Desmond Staple.

44. A bona fide present legal controversy exists between Staple and the Insurance Company regarding whether Desmond Staple made a material misrepresentation on his application for Policy No. 21316990. The Insurance Company has denied benefits owed to Staple under Policy No. 21316990 on the basis that Desmond Staple did not accurately disclose a change in his occupation on the application for this policy, and other bases set forth in its correspondence. Mrs. Staple contends that this alleged misrepresentation is not material, as a matter of law. Mrs. Staple further contends that the Insurance Company cannot support its position that the alleged failure to disclose his occupation would have changed or altered the policy and/or the amount of insurance coverage sold to Mr. Staple.

45. Upon information and belief, Insurance Company's underwriting guidelines in place at the time of the loss do not support the Insurance Company's position that any of the alleged misrepresentations are material to the determination of coverage, or the amount of coverage or premium to be paid by the Decedent Staple at the time of his application for coverage.

46. The parties are in doubt as to their rights under the terms of the four (4) insurance policies at issue.

WHEREFORE, Plaintiff, MRS. CHERYL STAPLE, seeks this Court's declaratory judgment determining the following, pursuant to Chapter 86, <u>Florida Statutes</u>:

8

      a.      The manner of Desmond Staple's death alleged by the Insurance Company was not intentional;

      b.      No material misrepresentations were made on Desmond Staple's application for insurance Policy No. 21316990;

      c.      the Insurance Company cannot support its position that based upon the application for insurance Policy No. 21316990 it would not have issued the policy or coverage amount to Desmond Staple, or that it would have charged a different premium; and

      d      Staple, as Direct Beneficiary of the four (4) policies of insurance issued by the Insurance Company, is entitled to all benefits due.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated this 20th day of November, 2017.

                    */s/ Theodore A. Corless*
                    THEODORE A. CORLESS, ESQ.
                    FLORIDA BAR #.: 176192
                    MARY CATHERINE LAMOUREUX, ESQ.
                    FLORIDA BAR #: 872288
                    CORLESS BARFIELD TRIAL GROUP, LLC
                    6812 W. Linebaugh Avenue
                    Tampa, Florida 33625
                    Tel.: (813) 258-4998
                    Facsimile: (813) 258-4988
                    service@corlessbarfield.com
                    *Attorneys for the Plaintiff*