**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
8:17-cv-03066-MSS-TGW

CHERYL STAPLE,

    Plaintiff/Counter-defendant,

v.

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Defendant/Counter-plaintiff.
_____/

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Defendant/Counter-plaintiff,

v.

ESTATE OF DESMOND H. STAPLE AND
CHERYL STAPLE,

    Plaintiff/Counter-defendants.
_____/

**DEFENDANT NORTHWESTERN MUTUAL'S AMENDED ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

    Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), through undersigned counsel, files its Amended Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Cheryl Staple, in numbered paragraphs corresponding to those in the Complaint as follows:

1

**General Allegations**

1. Northwestern Mutual admits that Plaintiff purports to bring an action that exceeds $15,000.00, exclusive of interest, attorneys' fees, and costs, but denies Plaintiff is entitled to the recovery she seeks in the Complaint.

2. Northwestern Mutual admits only that Plaintiff is a resident of Tampa, Hillsborough County, Florida. Northwestern Mutual denies all remaining allegations of paragraph 2 of the Complaint.

3. Northwestern Mutual admits only that it is an insurance company authorized to do business in the State of Florida, and that it does business in Tampa, Hillsborough County, Florida. Northwestern Mutual denies the remaining allegations of paragraph 3 of the Complaint.

4. Northwestern Mutual is without knowledge sufficient to admit or deny the allegations of paragraph 4 of the Complaint and therefore denies same.

5. Northwestern Mutual admits only that it issued life insurance policy numbers 21144517, 21144525, and 21200595 to Desmond Staple ("Mr. Staple") and that the premiums on these specific policies were current at the time of Mr. Staple's death on or about March 16, 2016. Northwestern Mutual further admits that, based upon Mr. Staple's representations in his application for life insurance policy 21316990 (the "990 Policy"), Mr. Staple was issued the 990 Policy by Northwestern Mutual, but Northwestern Mutual denies that Mr. Staple was ever covered by the 990 Policy, as it was void *ab initio* due to his material misrepresentations in his 990 Policy application materials. Northwestern Mutual denies all remaining allegations of paragraph 5 of the Complaint.

6. Northwestern Mutual admits only that Plaintiff was listed as the beneficiary of life insurance policies 21144517, 21144525, 21200595, 21316990, but Northwestern Mutual denies that the 990 Policy ever provided Mr. Staple with coverage because it was void *ab initio* due to his material misrepresentations in his 990 Policy application materials. Additionally, Northwestern Mutual specifically denies that Plaintiff has complied with all conditions precedent prior to filing suit. Plaintiff has failed to cooperate with Northwestern Mutual in its claim investigation by refusing to provide certain authorizations.

7. Northwestern Mutual denies the allegations of paragraph 7 of the Complaint.

8. Northwestern Mutual denies the allegations of paragraph 8 of the Complaint. Northwestern Mutual specifically denies that Plaintiff has satisfied all requests made upon her, including her duty to cooperate. Plaintiff has failed to cooperate with Northwestern Mutual in its claim investigation by refusing to provide certain authorizations.

9. Northwestern Mutual denies the allegations of paragraph 9 of the Complaint.

10. Northwestern Mutual admits only that Plaintiff and her counsel provided Northwestern Mutual with at least one report from a purported expert that was hired by Plaintiff and her counsel. This report speaks for itself and Northwestern Mutual refers the Court to the report for its contents. Northwestern Mutual denies the remaining allegations of paragraph 10 of the Complaint.

11. Northwestern Mutual admits only that the Hillsborough County Medical Examiner issued a report and that Northwestern Mutual considered that report, among other sources of information, in forming its claim decision. Northwestern Mutual denies the remaining allegations of paragraph 11 of the Complaint.

12. Northwestern Mutual denies the allegations of paragraph 12 of the Complaint.

## **Count I – Breach of Contract – Policy No. 21144517**

13. Northwestern Mutual restates and realleges its responses to paragraph 1 through 12 of the Complaint.

14. Northwestern Mutual admits only that Plaintiff sought benefits under policy 21144517 and that she was listed as the policy beneficiary. Northwestern Mutual denies the remaining allegations of paragraph 14 of the Complaint.

15. Northwestern Mutual denies the allegations of paragraph 15 of the Complaint.

16. Northwestern Mutual denies the allegations of paragraph 16 of the Complaint.

17. Northwestern Mutual denies the allegations of paragraph 17 of the Complaint.

18. Northwestern Mutual denies the allegations of paragraph 18 of the Complaint.

19. Northwestern Mutual denies the allegations of paragraph 19 of the Complaint.

Northwestern Mutual denies the allegations contained in the "Wherefore" paragraph immediately following paragraph 19 of the Complaint.

## **Count II – Breach of Contract – Policy No. 21144525**

20. Northwestern Mutual restates and realleges its responses to paragraph 1 through 12 of the Complaint.

21. Northwestern Mutual admits only that Plaintiff sought benefits under policy 21144525 and that she was listed as the policy beneficiary. Northwestern Mutual denies the remaining allegations of paragraph 21 of the Complaint.

22. Northwestern Mutual denies the allegations of paragraph 22 of the Complaint.

23. Northwestern Mutual denies the allegations of paragraph 23 of the Complaint.

24. Northwestern Mutual denies the allegations of paragraph 24 of the Complaint.

25. Northwestern Mutual denies the allegations of paragraph 25 of the Complaint.

26. Northwestern Mutual denies the allegations of paragraph 26 of the Complaint.

Northwestern Mutual denies the allegations contained in the "Wherefore" paragraph immediately following paragraph 26 of the Complaint.

### Count III – Breach of Contract – Policy No. 21200595

27. Northwestern Mutual restates and realleges its responses to paragraph 1 through 12 of the Complaint.

28. Northwestern Mutual admits only that Plaintiff sought benefits under policy 21200595 and that she was listed as the policy beneficiary. Northwestern Mutual denies the remaining allegations of paragraph 28 of the Complaint.

29. Northwestern Mutual denies the allegations of paragraph 29 of the Complaint.

30. Northwestern Mutual denies the allegations of paragraph 30 of the Complaint.

31. Northwestern Mutual denies the allegations of paragraph 31 of the Complaint.

32. Northwestern Mutual denies the allegations of paragraph 32 of the Complaint.

33. Northwestern Mutual denies the allegations of paragraph 33 of the Complaint.

Northwestern Mutual denies the allegations contained in the "Wherefore" paragraph immediately following paragraph 33 of the Complaint.

### Count IV – Breach of Contract – Policy No. 21316990

34. Northwestern Mutual restates and realleges its responses to paragraph 1 through 12 of the Complaint.

35. Northwestern Mutual admits that, based upon his representations in his application materials for same, Mr. Staple was issued life insurance policy 21316990 (the "990 Policy"), but denies that Mr. Staple was ever covered by the 990 Policy, as it was void *ab initio* due to his material misrepresentations in the 990 Policy application materials. Northwestern

Mutual further admits that Plaintiff was listed as the beneficiary of the 990 Policy, but denies that the 990 Policy provided coverage for the reason set forth above.

36. Northwestern Mutual denies the allegations of paragraph 36 of the Complaint. Northwestern Mutual further denies that benefits are payable under the 990 Policy because it was void *ab initio* as result of Mr. Staple material misrepresentations in his application materials for same.

37. Northwestern Mutual denies the allegations of paragraph 37 of the Complaint. Northwestern Mutual further denies that benefits are payable under the 990 Policy because it was void *ab initio* as result of Mr. Staple material misrepresentations in his application materials for same.

38. Northwestern Mutual denies the allegations of paragraph 38 of the Complaint. Northwestern Mutual further denies that benefits are payable under the 990 Policy because it was void *ab initio* as result of Mr. Staple material misrepresentations in his application materials for same.

39. Northwestern Mutual denies the allegations of paragraph 39 of the Complaint. Northwestern Mutual further denies that benefits are payable under the 990 Policy because it was void *ab initio* as result of Mr. Staple material misrepresentations in his application materials for same.

40. Northwestern Mutual denies the allegations of paragraph 40 of the Complaint.

Northwestern Mutual denies the allegations contained in the "Wherefore" paragraph immediately following paragraph 40 of the Complaint.

### Count V – Petition for Declaratory Relief

41. Northwestern Mutual restates and realleges its responses to paragraph 1 through 7 of the Complaint.

42. Northwestern Mutual admits only that Plaintiff purports to bring a cause of action for declaratory relief under Chapter 86, Fla. Stat. Northwestern Mutual denies the remaining allegations of paragraph 42 of the Complaint.

43. Northwestern Mutual admits only that the parties dispute the manner of Mr. Staple's death and that the policies provide a suicide provision, and Northwestern Mutual refers the Court to the policies for their contents. Northwestern Mutual denies the remaining allegations of paragraph 43 of the Complaint, and Northwestern Mutual specifically denies that benefits are payable under the 990 Policy because it was void *ab initio* as result of Mr. Staple's material misrepresentations in his application materials for same.

44. Northwestern Mutual admits only that the 990 Policy never provided coverage to Mr. Staple because the 990 Policy was void *ab initio* due to Mr. Staple's material misrepresentations made in the 990 Policy application materials, and that Plaintiff disputes this. Northwestern Mutual denies the remaining allegations contained in paragraph 44 of the Complaint.

45. Northwestern Mutual denies the allegations of paragraph 45 of the Complaint.

46. Northwestern Mutual denies the allegations of paragraph 46 of the Complaint.

Northwestern Mutual denies the allegations contained in the "Wherefore" paragraph immediately following paragraph 46 of the Complaint.

### Affirmative Defenses

1. The Complaint fails to state a cause of action for which relief may be granted.

7

2.	In the course of the insured's application for the 990 Policy, Desmond Staple intentionally concealed facts or made material misrepresentations, omissions of fact, or incorrect statements regarding his occupation, net worth, and income, all of which were relied upon by Northwestern Mutual in issuing the 990 Policy.  Had the true facts been known to Northwestern Mutual at the time of underwriting, Northwestern Mutual in good faith would either not have issued the 990 Policy, would not have issued it at the same premium rate, would not have issued the 990 Policy in as large an amount, or would not have issued the 990 Policy with the same terms and provisions.  As a consequence, Northwestern Mutual is entitled to rescission and avoidance of the 990 Policy pursuant to Florida Statute §627.409.

3.	The Complaint fails to state a cause of action upon which relief can be granted because Plaintiff is neither eligible for nor entitled to the insurance benefits sought under the subject policies because Plaintiff's husband (the insured) committed suicide within one year of the Date of Issue of the subject policies.  Northwestern Mutual does not waive its assertion that Mr. Staple was never covered by the 990 Policy because it was void *ab initio* due to his material misrepresentations in his 990 Policy application materials.

4.	Plaintiff's claim is expressly barred by the clear and unequivocal terms, conditions, limitations, exclusions, and other provisions contained in the subject policies.  Specifically, the insured's suicide is not covered pursuant to the express terms of the policies, as follows:

Policies 21200595, 21144525, and 21316990:

> **1.5 SUICIDE**
>
> If the Insured dies by suicide within one year from the Date of Issue, the amount payable by the Company will be limited to the premiums paid.

Policy 21144517:

> **1.4 SUICIDE**
>
> If the insured dies by suicide within one year from the Date of Issue, the amount payable by the Company will be limited to the premiums paid, less the sum of any Policy Debt and the Cash Value of any Paid-up Additions surrendered. If the Insured dies by suicide within one year from the date of a change to the terms of the Policy, which occurred upon the request of the Owner and was subject to the Company's insurability requirements, the amount payable with respect to such change will be limited to the premiums paid, less the sum of any Policy Debt and the Cash Value of any Paid-up Additions surrendered.

Northwestern Mutual does not waive its assertion that Mr. Staple was never covered by the 990 Policy because it was void *ab initio* due to his material misrepresentations in his 990 Policy application materials.

5. Plaintiff's claims for benefits under the Policies are barred by the doctrine of accord and satisfaction.

Northwestern Mutual reserves the right to amend and/or add additional affirmative defenses discovery in the course of this action.

## Counterclaim

Counter-plaintiff, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), sues Counter-defendants, Cheryl Staple ("Ms. Staple"), and the Estate of Desmond H. Staple through a Personal Representative to be determined (the "Estate"), and alleges:

1. This Counterclaim is an action for rescission of a contract of insurance over which this Court has jurisdiction pursuant to 28 U.S.C. §1332, in that it is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

2. Northwestern Mutual is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Wisconsin, and, thus is not a citizen of the State of Florida. Northwestern is authorized to do business in the State of Florida.

3. Plaintiff Cheryl Staple is a citizen of the State of Florida, with her residence in Hillsborough County, Florida.

4. Desmond Staple was a citizen of the State of Florida, with his residence in Hillsborough County, Florida. Pursuant to 28 U.S.C. §1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent…."

5. Upon information and belief, the Estate is pending in the Circuit Court for Hillsborough County, Florida, Probate Division.

6. Mr. Staple applied for four Northwestern Mutual life insurance policies between March 2015 and August 2015.

7. Prior to applying for life insurance policy 21316990 (the "990 Policy"), Mr. Staple had applied for policies 21144517 (Date of Issue: March 19, 2015), 21144525 (Date of Issue: March 19, 2015), and 21200595 (Date of Issue: May 3, 2015).

8. On or about August 10, 2015, Mr. Staple applied to Northwestern Mutual for a life insurance policy by signing and submitting an Individual Life Insurance Application (the "990 Policy Application").

9. Mr. Staple also signed and submitted a Personal Health and Status Declaration (the "990 Policy Form 600") in connection with his application for the 990 Policy. The 990 Policy Form 600 is dated August 10, 2015.

10. In reliance upon the truth and accuracy of the answers provided by Mr. Staple in the 990 Policy Application, the 990 Policy Form 600, and in his financial representations discussed below, Northwestern Mutual approved him for coverage and issued the 990 Policy with an Issue Date of August 10, 2015.

11. Plaintiff was listed as the direct beneficiary under the 990 Policy, which provided for a death benefit of $3,000,000.00 upon Mr. Staple's death.

12. Northwestern Mutual has performed or Plaintiff and the Estate have waived all conditions precedent to the bringing of the Counterclaim.

13. The Counterclaim seeks rescission of the 990 Policy pursuant to §627.409(1), Fla. Stat., and pursuant to Florida law.

14. Mr. Staple fraudulently and intentionally and/or incorrectly stated facts and/or omitted facts and/or concealed facts and/or made material misstatements and misrepresentations in response to questions contained in the 990 Policy Application, the 990 Policy Form 600, and in his financial representations in violation of §627.409(1), Fla. Stat.

15. Prior to applying for the 990 Policy, Mr. Staple had $1,000,000 in life insurance coverage with Northwestern Mutual.

16. Mr. Staple answered questions 14.D, 14.E, and 14.F of the 990 Policy Application as follows:

> QUESTIONS D THROUGH M ARE NOT REQUIRED IF THE INSURED IS UNDER AGE 16.
> D. What is your occupation? _Medical Malpractice attorney_
> E. 1. Who is your employer? _Self-employeed_
>    2. How long with this employer? _____
> F. 1. What is your annual earned income as most recently reported to the IRS?
>    Salary (or IRS Schedule C net profit or loss, if a sole proprietor) $ _75 K_   Bonus $ _____
>    Other $ _____   Explain: _____
>    2. What is your net worth, if it is >$1,000,000? $ _____
>    Financial Supplement forms 90-8C and 90-8D may be required for in-force plus applied for amounts of personal insurance greater than $2,000,000 and business insurance greater than $500,000. See instructions on Supplements.

17. In the 990 Policy Form 600, signed and dated August 10, 2015, Mr. Staple affirmed the following:

> This declaration supplements and updates the answers provided in my most recent application for insurance sent to the Company. I understand that my most recent application may include more than one form, and always includes a medical underwriting form or questionnaire. If this declaration is submitted for (1) or (2) above, I understand that my most recent application to the company will be attached to the policy, including a copy of this declaration. I declare that my answers provided in my most recent application sent to the Company are still, to the best of my knowledge and belief, complete, true, and correct today. I declare that I am in good health and, specifically, that since providing the answers I have not:
> 1. experienced any signs or symptoms of, or been diagnosed or treated for, any disorders, illnesses, diseases, accidents or had any surgery;
> 2. had any diagnostic studies or medical tests (including blood tests, x-rays, EKGs, or other);
> 3. been a patient, had surgery, or been treated at a hospital, clinic, or other health care facility;
> 4. seen or consulted with any physicians or other health care providers (including psychiatrists, psychologists, chiropractors, counselors, therapists, or other);
> 5. taken any medication or drugs (prescription or nonprescription, legal or illegal);
> 6. had a change in the hours or duties in employment or occupation or begun to work in a new occupation;
> 7. had a financial loss, bankruptcy, or reduction in income;
> 8. been in a motor vehicle accident, been charged with a moving violation of any motor vehicle law or had a driver's license restricted or revoked;
> 9. applied for or contemplated applying for life, disability, health or long-term care insurance or had any life, disability, health, or long-term care insurance application on my life declined, rated, modified, cancelled, rescinded, or not renewed;
> 10. made a claim for benefits due to injury, accident, sickness, or disability.
>
> If there are any exceptions to any of the above statements, explain in full, including all names and addresses of health care providers and related dates in the space below (attach additional paper, if necessary).
>
> I understand and agree that any exceptions to my statements must be referenced in the space above. If this declaration is submitted for delivery of policy, I understand that my agent is not authorized to deliver any policy or collect premium until any exceptions are submitted to the Company for review, and the company has authorized delivery of the policy.
>
> I declare that the answers and statements contained in this declaration are correctly recorded, complete and true to the best of my knowledge and belief. Statements in this declaration are representations and not warranties.
>
> Signed at _TAMPA, FLORIDA_   Date _08·10·2015_   Signature _[signature]_
>
> Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

18. Mr. Staple's "most recent application for insurance sent to the Company," as referenced in the 990 Policy Form 600, was the application that Mr. Staple submitted to Northwestern Mutual for policy 21200595. That application is dated May 3, 2015.

19. In the policy 21200595 application, Mr. Staple stated in response to questions 14.D and 14.F (p. 5) that his occupation was "Medical Malpractice Attorney" and that his "Salary (or IRS Schedule C net profit or loss, if sole proprietor)" was "$75k."

12

20. Mr. Staple's representations in response to the 990 Policy Application questions 14.D and 14.F were not accurate, true, and/or complete. Additionally, Mr. Staple's failure to provide supplemental or update responses to questions 6 and 7 on the 990 Policy Form 600 was not accurate, true, and/or complete. Mr. Staple failed to disclose that on May 6, 2015, he signed and submitted a Petition for Disciplinary Revocation with Leave to Reapply for Readmission (the "Petition"). In the Petition, Plaintiff stated that he "knowingly and voluntarily submits this petition with full knowledge of its effect," which revoked Mr. Staple's "membership in The Florida Bar … with revocation to take effect in 30 days to allow petitioner time to close out his practice." Additionally, Mr. Staple failed to disclose that, on July 9, 2015, the Florida Supreme Court entered judgment on the Petition, which effectively disbarred Mr. Staple from practicing law in Florida and fined him $3,200.00. Mr. Staple's misrepresentations and/or omissions were knowingly and intentionally made for the purpose of obtaining the 990 Policy.

21. Upon information and belief, Mr. Staple fraudulently and intentionally and/or incorrectly stated facts and/or omitted facts and/or concealed facts and/or made material misstatements and misrepresentations of facts concerning the income he received from his law practice in order to obtain the 990 Policy. Mr. Staple misrepresented to Northwestern Mutual that his personal distributions from his law practice were: $250,000 in 2013; $250,000 in 2014; and he anticipated receiving $250,000 in 2015. These misrepresentations and/or omissions were knowingly made for the purpose of obtaining the 990 Policy.

22. Mr. Staple knew and intended that Northwestern Mutual would rely on his answers to the questions contained in the 990 Policy Application, the 990 Policy Form 600, and his income/distribution representations in order to obtain the 990 Policy.

23. Northwestern Mutual justifiably relied on the representations made by Mr. Staple in the 990 Policy Application, the 990 Policy Form 600, and his income/distribution representations, which, unknown to Northwestern Mutual, contained fraudulent and intentional misrepresentations and omissions of material facts.

24. Northwestern Mutual reserves the right to assert additional misrepresentations, concealments, statements and/or omissions discovered during the course of this action.

25. Mr. Staple's intentional and fraudulent omissions and/or concealment of facts and/or incorrect statements and/or misrepresentations contained in the 990 Policy Application, the 990 Policy Form 600, and the income/distribution representations were material to the acceptance of the risk by Northwestern Mutual, and Northwestern Mutual in good faith would either not have issued the 990 Policy, would not have issued it at the same premium rate, would not have issued the 990 Policy in as large an amount, or would not have issued the 990 Policy with the same terms and provisions if the true facts had been known to Northwestern Mutual.

26. Because Mr. Staple made fraudulent material misrepresentations, concealments, misstatements, and/or omissions in connection with his application for the 990 Policy as set forth above, upon which Northwestern Mutual relied in issuing the 990 Policy, the 990 Policy is void *ab initio* under common law and pursuant to §627.409, Fla. Stat.

27. Northwestern Mutual's remedy at law is inadequate, and it is entitled to the equitable remedy of rescission of the 990 Policy due to Mr. Staple's omissions of material fact and/or incorrect statements and/or concealment of facts and/or material misrepresentations.

28. Northwestern Mutual has tendered to Plaintiff a refund of all premiums paid by Plaintiff with respect to the 990 Policy, with interest.

WHEREFORE, Northwestern Mutual respectfully requests that this Court enter an order

rescinding the 990 Policy and finding that neither the Estate nor Plaintiff has any right, title, or interest in the 990 Policy or any benefits thereunder, awarding Northwestern Mutual its costs, and granting Northwestern Mutual such other and further relief as this Court deems just and proper.

                    Respectfully submitted,

                    **SHUTTS & BOWEN LLP**
                    *Attorneys for The Northwestern Mutual*
                    *Life Insurance Company*
                    200 S. Biscayne Boulevard
                    Suite 4100
                    Miami, Florida 33131
                    Tel:  (305) 358-6300
                    Fax:  (305) 381-9982

By: s/John Meagher
     John E. Meagher
     Florida Bar No. 511099
     jmeagher@shutts.com
     Brad Redlien
     Florida Bar No. 0778761
     bredlien@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2018, I filed the foregoing document with the Clerk of Court.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via US Mail, an authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                    **SHUTTS & BOWEN LLP**

                    s/John Meagher
                    Of Counsel

## **SERVICE LIST**

Theodore A. Corless, Esq.
Mary Catherine Lamoureux, Esq.
Corless Barfield Trial Group, LLC
6812 W. Linebaugh Ave.
Tampa, FL 33625
service@corlessbarfield.com
tcorless@corlessbarfield.com
mlamoureux@corlessbarfield.com
*Counsel for Plaintiff*


Served by CM/ECF

MIADOCS 15941026 1