CHERYL STAPLE,

       *Plaintiff/Counter-defendant,*

v.

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

       *Defendant/Counter-plaintiff.*
_____/

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

       *Defendant/Counter-plaintiff,*

v.

ESTATE OF DESMOND H. STAPLE AND
CHERYL STAPLE,

       *Plaintiff/Counter-defendants.*

_____/

## MOTION TO COMPEL PRODUCTION OF TEXT MESSAGES, EMAILS, AND UNOPENED MAIL, AND TO COMPEL PRODUCTION OF COMPUTER AND PHONE CONTENTS FOR INSPECTION

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 3.04, respectfully requests this Court issue an order compelling production of text messages, emails, and unopened mail, and to compel production of Desmond Staple's computer and cell phone for inspection.

## I. INTRODUCTION

Plaintiff, Cheryl Staple, and her counsel have shirked their discovery obligations in this

1

litigation, wherein she seeks to recover $4,000,000 in life insurance benefits after the death of her husband, Desmond Staple. Northwestern Mutual denied Plaintiff's claim because Mr. Staple's death was suicide due to an intentional acetaminophen overdose (at 200x over the therapeutic daily level). Despite the clear evidence of suicide,[1] Plaintiff and her counsel have still brought this case in an attempt to challenge consistent findings of suicide. In addition to being forced to defend this unmaintainable action, Northwestern Mutual has also counterclaimed for rescission of the insurance policies because Mr. Staple misrepresented his income and occupation on insurance applications by withholding, *inter alia*, that he was disbarred as an attorney. Thus, Northwestern Mutual sought (very early in this litigation) inspection of Mr. Staple's electronic devices, mail, communications, text messages, and email, among other things—all of which are clearly probative of suicidal intent, which bear on his state of mind, and which shed light on his purported new "occupation" and stressors leading to his suicide.

At first, Plaintiff's counsel denied having text messages or emails.[2] However, very late in discovery,[3] Plaintiff's counsel revealed for the first time that Plaintiff's counsel possessed Mr. Staple's cell phone and laptop, both found in the car with Mr. Staple when he was unconscious in the days before his death.[4] Plaintiff's counsel has also admitted that he possesses boxes upon

---

[1] Mr. Staple's death was determined to have been a suicide by the Hillsborough County Medical Examiner, Mrs. Staple communicated to various medical professionals that Mr. Staple had suicidal ideations in the week before he ended his life, and the Hillsborough County Sheriff's Report notes that the case was a suicide—all before this action was filed.

[2] See Northwestern Mutual' s First Request for Production, served on March 23, 2018, attached as **Exhibit 1**; Northwestern Mutual's First Request for Interrogatories, served on March 23, 2018, attached as **Exhibit 2**; Plaintiff's Response to First Request for Production, served on May 23, 2018, attached as **Exhibit 3**; Plaintiff's Response to First Request for Interrogatories, served on May 23, 2018, attached as **Exhibit 4**.

[3] See Plaintiff's Supplemental Rule 26 Disclosures, attached as **Exhibit 5**; Plaintiff's Amended Response to First Request for Production, served on September 14, 2018, attached as **Exhibit 6**; Plaintiff's Amended Response to First Request for Interrogatories, served on September 18, 2018, attached as **Exhibit 7**.

[4] Thus, because the phone and computer were in Plaintiff's car, Plaintiff has had possession of the electronic devices, internet searches, emails, text messages and other communications ***since March 2016***.

boxes of Mr. Staple's mail, which Plaintiff and her counsel refuse to open.

As part of Plaintiff's counsel's objections, Plaintiff's counsel has asserted late in discovery that The Florida Bar issued directives or instructions prohibiting Plaintiff's counsel from opening Mr. Staple's communications, mail, cell phone, or laptop and prohibiting Plaintiff's counsel from disclosing the contents of these items without supervision by and prior approval from the Florida Bar.

By way of example, Plaintiff's counsel's statements in written discovery responses include:[5]

- "Furthermore, these materials can be made available for inspection under the supervision of the Florida Bar, who has asked us to preserve these materials without disclosure absent their direction and permission."

- "Plaintiff and her counsel agree to participate in obtaining permission from the Floridia [sic] Bar to permit access to any materials discoverable in either his computer or his phone."

- "As this was the computer of an attorney, upon instructions of the Florida Bar, this device may not be opened by any party, due to confidentiality rules."

- "As this was the cellular phone of an attorney, upon instructions of the Florida Bar, this device may not be opened by any party, due to confidentiality rules."

Plaintiff and her counsel have not offered any instruction or decree by The Florida Bar prohibiting access to this post-disbarment communications. Upon recent suspicion that Plaintiff and her counsel were misrepresenting statements from The Florida Bar to shield discovery, Northwestern Mutual contacted The Florida Bar. To Northwestern Mutual's surprise, its suspicions were confirmed—Plaintiff and her counsel have falsely used fake instructions from

---

[5] In compliance with Local Rule 3.04(a), Northwestern Mutual will set forth, in subsequent sections, each request in their entirety followed by a response in quotation, followed by an analysis as to why the motion should be granted as to that request.

The Florida Bar to shield their discovery obligations in this action.  See Affidavit of Florida Bar, attached as **Exhibit 8**.  The Florida Bar has attested **_under oath_** that it has no record—**_in this litigation or in general_**—of any instruction or decree that Plaintiff's counsel has created.  **Exh. 8**, at ¶¶3.A-E.  There are no records internally of an instruction or directive that mail cannot be opened or disclosed, that text messages or emails cannot be disclosed without supervision or approval of The Florida Bar, or that Staples' cell phone or laptop cannot be opened.  **Exh. 8**, at ¶¶3.A-E.  **_The Florida Bar even searched its own ethics hotline logs to be sure._**  **Exh. 8**, at ¶2.  To be clear, The Florida Bar has no intention of intervening in this suit or objecting to production of the documents and inspection of the electronic devices that Northwestern Mutual has sought in discovery.  **Exh. 8**, at ¶6.

Even if Plaintiff and her counsel had not improperly fabricated statements by The Florida Bar to avoid discovery obligations, Plaintiff's remaining objections are entirely without merit and should be overruled.  Plaintiff's counsel has asserted objections by stating that communications on Mr. Staple's phone are confidential because Mr. Staple was a former attorney and therefore Plaintiff cannot access the phone and laptop.  However, Plaintiff's counsel's argument falls flat because Mr. Staple was disbarred from the practice of law on July 9, 2015—**_long before_** his suicide in March 2016.[6]  Thus, no privilege would apply because Northwestern Mutual has only requested communications that occurred from January 2016 to March 2016.[7]  Moreover, Northwestern Mutual is not seeking any privileged communications and, if same exists, Plaintiff should have withheld those items by identifying them in an

---

[6] Mr. Staple was disbarred for forging attorney's signatures and conversion of his former client's funds.

[7] To be clear, in certain requests outlined below, Northwestern Mutual _is_ seeking mail, such as business mail, during the time Mr. Staple was an attorney to identify delinquency in his bills, outstanding loans, and other financial and institutional stressors that would lead to suicide.

appropriate privilege log, as stated in Northwestern Mutual's requests and as required by rule. However, Plaintiff provided no privilege log.

Mr. Staple's text messages, emails, mail, laptop, and cell phone are relevant and proportional to the needs of their defense of Plaintiff's $4,000,000 claim because they bear on his mental state in the days immediately preceding his passing and his purported change in occupation following his disbarment. Northwestern Mutual should be given access to inspect and search the electronic devices, which of course may contain pertinent internet searches and other data relevant to Mr. Staple's state of mind.

Accordingly, Northwestern Mutual requests this Court order Plaintiff to produce communications, including all text messages and emails, from Mr. Staple's cell phone and laptop computer that were sent or received between January 1, 2016 and March 16, 2016, to produce the cell phone and laptop computer for inspection, to order production of the mail Plaintiff is holding and refusing to open, and to award fees incurred relating to obtaining an affidavit from the State Bar, preparing this Motion and memorandum, and researching caselaw in connection with this Motion, among others.

## II.  REQUESTS FOR PRODUCTION AND LEGAL ANALYSIS

### A. Request for Production No. 6

On March 23, 2018, Northwestern Mutual requested:

> 6.      For the time period from January 1, 2014 through the present, produce copies of all mail that was addressed to:
>
> > (a) Desmond Staple;
> > (b) Law Office of Desmond H. Staple, P.A.;
> > (c) CLOSA, LLC;
> > (d) The Staple Consulting and Litigation Support Group, LLC; and
> > (e) All other businesses, investments or ventures that Desmond Staple was

associated with.

On May 23, 2018, Plaintiff responded:

> RESPONSE: <u>The Florida Bar has advised that any business mail addressed to Desmond Staple is not to be opened by any party, including Plaintiff,</u> due to confidentiality rules.

On September 14, 2018, Plaintiff amended her response, as follows:

> RESPONSE: <u>At the direction of the Florida Bar, any mail addressed to Mr. Staple was to be preserved from disclosure without the Florida Bar's prior approval.</u> Plaintiff has provided a copy of each envelope addressed to Mr. Staple and/or all documents directed to any company owned by Mr. Staple, to enable Northwestern Mutual to act on any of these pieces of mail to obtain permission to access these materials. Plaintiff agrees to provide any release, if necessary, for Northwestern Mutual to obtain access to these materials. See attached.

(emphasis added).

First, Plaintiff's counsel waited to disclose that they possessed an entire box full of unopened mail until late in discovery.[8] Second, Plaintiff's representation that "any mail addressed to Mr. Staple was to be preserved from disclosure without the Florida Bar's prior approval" is not supported by the Florida Bar, who has no record of giving such and instruction to Plaintiff. **Exh. 8**, at ¶3E. Third, even if the mail contained some other party's confidential information, which is highly unlikely, Plaintiff and her counsel lack standing to assert confidentiality objections in discovery. Indeed, Plaintiff lacks standing in this case to assert the rights of third parties' privacy or *constitutional* rights of privacy of others. <u>Adelman v. Boy Scouts of Am.</u>, 276 F.R.D. 681, 694 (S.D. Fla. 2011) ("Therefore, under the traditional rules of *jus tertii* jurisprudence, a party like Schmidt lacks standing to object to discovery because of the

---

[8] Northwestern Mutual had no reason to suspect that Plaintiff's counsel was misleading in this litigation by stating that the Florida Bar was involved until Plaintiff used the Florida Bar as a shield for numerous discovery requests. Northwestern Mutual then investigated and realized Plaintiff's counsel made these repeated representations throughout discovery that were not supported by the Florida Bar.

privacy rights of non-party parents of other Boy Scouts or of other Boy Scout supervisors or officials."). Accordingly, Plaintiff should be ordered to produce documents responsive to Request for Production No. 6.

## B. Request for Production No. 7

> 7.      For the time period from January 1, 2014 through the present, and excluding attorney-client privileged materials, produce all Documents that you received Concerning:
>
> (a) Desmond Staple;
> (b) Law Office of Desmond H. Staple, P.A.;
> (c) CLOSA, LLC;
> (d) The Staple Consulting and Litigation Support Group, LLC; and (e) All other businesses, investments or ventures that Desmond Staple was associated with.

On May 23, 2018, Plaintiff responded:

> RESPONSE: See response 6. Furthermore, Plaintiff is not in possession of any documents concerning Law Office of Desmond H. Staple, P.A., CLOSA, LLC, The Staple Consulting and Litigation Support Group, LLC, or any "other businesses, investments or ventures that Desmond Staple was associated with."

On September 14, 2018, Plaintiff amended her response, as follows:

> RESPONSE: At the direction of the Florida Bar, any mail addressed to Mr. Staple was to be preserved from disclosure without the Florida Bar's prior approval. Plaintiff has provided a copy of each envelope address to Mr. Staple and/or all documents directed to any company owned by Mr. Staple, to enable Northwestern Mutual to act on any of these pieces of mail to obtain permission to access these materials. Plaintiff agrees to provide any release, if necessary, for Northwestern Mutual to obtain access to these materials. See attached.

(emphasis added). For the same reasons addressed in section II.A., *supra.*, this Court should compel production. Plaintiff's counsel has concocted a smokescreen that in order to access documents and mail in her possession, Northwestern Mutual must obtain approval from the Florida Bar with releases. The Florida Bar issued no such instruction, **Exh. 8**, at ¶3E, and

production should be compelled without delay.

## C. Request for Production No. 8

On March 23, 2018, Northwestern Mutual requested:

> 8. Produce all voicemails, emails, text messages, or other messaging application messages that you have sent to or received from Desmond Staple from January 1, 2016 through March 16, 2016.

On May 23, 2018, Plaintiff responded:

> RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad and is not demonstrated to be reasonably calculated to lead to the discovery of admissible evidence. This information is irrelevant to the issues in this lawsuit and overreaching. Further, this Interrogatory is for too long of a time frame. Subject to, and without waiving said objections, Plaintiff has previously provided all known cellular phone numbers for the decedent, together with the service provider's name and detailed billing statements for relevant time periods in her Rule 26 Disclosures. Moreover, Defendant has requested records from multiple third parties regarding these communications.

On September 14, 2018, Plaintiff amended her response, as follows:

> RESPONSE: Plaintiff has previously provided all known mobile or landline phone numbers for Mr. Staple, together with the service provider's name and detailed billing statements for relevant time periods in her Rule 26 Disclosures. Moreover, Defendant has requested records from multiple third parties regarding these communications.

Plaintiff cannot meet her burden to demonstrate how the requests are unreasonable or not relevant. See, e.g., Adelman v. Boy Scouts of Am., 276 F.R.D. 681, 689 (S.D. Fla. 2011) ("As the party resisting discovery, Schmidt has the burden to demonstrate specifically how the request is unreasonable or not relevant." (citing Desrosiers v. MAG Industrial Automation Systems, LLC, 675 F.Supp.2d 598, 602 (D.Md.2009))). Northwestern Mutual's request should be granted for two reasons.

First, Plaintiff's repeated assertions that information is available from another source is not a proper objection. <u>Cent. Transp. Intern., Inc. v. Glob. Advantage Distribution, Inc.</u>, 2:06-CV-401FTM29SPC, 2007 WL 3124715, at *2 (M.D. Fla. Sept. 11, 2007) (granting motion to compel and holding that "merely because an item may be available from another source is not a proper objection"), <u>objections overruled,</u> 2:06-CV-401FTM29SPC, 2007 WL 3124722 (M.D. Fla. Oct. 24, 2007); <u>Adelman v. Boy Scouts of Am.</u>, 276 F.R.D. 681, 699 n.18 (S.D. Fla. 2011) ("'[M]erely because an item may be available from another source is not a proper objection' to discovery.").

Second, the service providers have not provided copies of text messages, only incoming and outgoing phone logs. Thus, Northwestern Mutual has a need for the text messages to be produced directly from Plaintiff and her counsel.

### D. Request for Production No. 9

On March 23, 2018, Northwestern Mutual requested:

> 9. During the time period from January 1, 2015 through the present, and excluding emails between Plaintiff and her counsel, produce all emails, text messages, and instant messages between Plaintiff and any other person Concerning:
>
> > (a) Desmond Staple's mental state;
> > (b) the possibility or concern that Desmond Staple may harm himself or that he may attempt suicide;
> > (c) Desmond Staple's loss of his Florida Bar license or the Florida Bar's investigation of Desmond Staple;
> > (d) Desmond Staple's cause of death;
> > (e) Desmond Staple's finances or your family's financial issues; or
> > (f) Desmond Staple's business ventures.

On May 23, 2018, Plaintiff responded:

> RESPONSE: Plaintiff objects to this Request as it is overly broad and is not demonstrated to be reasonably calculated to lead to the discovery of admissible evidence. This information is irrelevant to

the issues in this lawsuit and overreaching. Further, this Interrogatory is for too long of a time frame. Subject to, and without waiving said objections, Defendant has requested records from multiple third parties regarding these communications.

On September 14, 2018, Plaintiff amended her response, as follows:

RESPONSE: Plaintiff produced all emails in her possession from or to Mr. Staple, as well as the identity of every phone or mobile device which Mr. Staple may have used for text messages or otherwise, and agreed to provide any necessary release to permit Northwestern Mutual to gain access to these accounts.

First, as stated in section II.D., *supra*, Plaintiff's repeated assertions that information is available from another source is not a proper objection. Cent. Transp. Intern., Inc., 2007 WL 3124715, at *2; Adelman, 276 F.R.D. at 699 n.18 (S.D. Fla. 2011). Second, the service providers have not provided copies of text messages, only incoming and outgoing phone logs. Thus, Northwestern Mutual has a need for the text messages to be produced directly from Plaintiff and her counsel.

Third, Request for Production No. 9 requests communications between Plaintiff and any other person regarding, inter alia, Mr. Staple's mental state, the possibility that he may harm himself. Plaintiff has responded that she has produced "all emails in her possession from or to Mr. Staple." However, the request seeks Plaintiff, Cheryl Staple's communications. Mr. Staple disappeared following an argument about finances Mr. Staple had with Plaintiff. It is entirely possible that Plaintiff have texted, emailed, or told others that Mr. Staple was thinking of harming himself if she were attempting to locate him, or if she were explaining to family that he was missing. She should be required to produce those communications or certify that none ever existed.

**E. Request for Production No. 13**

On March 23, 2018, Northwestern Mutual requested:

13.    Produce, for a forensic inspection/duplication, the computer(s), including any internal or external hard drives or other data storage devices, cellular phones, and tablets (collectively "Electronic Devices") that Desmond Staple used, for either business or personal use, from January 1, 2014 through the date of his death.

On May 23, 2018, Plaintiff responded:

RESPONSE: Plaintiff objects to this Request as it is overly broad, burdensome, overly intrusive, based on the mere hope of finding circumstantial evidence, and beyond the scope of discovery as contemplated by Federal Rule of Civil Procedure 26(b)(5)(i)(ii). This Request violates the attorney/client privilege Mr. Staple had with his clients by asking for information used in business capacities. Such an inquiry violates the privacy rights of the decedent and his past clients. Defendant does not have a generalized right to delve at will through communications that decedent had with his clients. Furthermore, Plaintiff is unaware what specific Electronic Devices Mr. Staple used.

On September 14, 2018, Plaintiff amended her response, as follows:

RESPONSE: Plaintiff has possession of a laptop computer and a mobile phone, both of which are preserved in a fire proof safe maintained by Plaintiff's counsel. Furthermore, these materials can be made available for inspection under the supervision of the Florida Bar, who has asked us to preserve these materials without disclosure absent their direction and permission. The identity of individuals from the Florida Bar with whom Plaintiff's counsel has discussed these matters were provided in her Rule 26 Disclosure, and Plaintiff agrees to cooperate with both Northwestern Mutual and the Florida Bar to permit access to these materials.

Aside from the fact that Plaintiff withheld disclosing their possession of the laptop and cellphone until recently, Plaintiff's blind deferral to the Florida Bar, who has no record of such instructions, is an attempt to mislead Northwestern Mutual and this Court.  The Florida Bar has attested that it did not have the laptop or cell phone.  **Exh. 8**, at ¶5.  Thus, Plaintiff and her counsel have had possessed these documents at all times material to discovery in this action.  Their possession of the cell phone and laptop should have been disclosed in May 2018.

Moreover, Plaintiff and her counsel's disclosure of Jodi A. Thompson as Florida Bar Counsel and "inventory attorney" on their Supplemental Rule 26 Disclosures, <u>see</u> **Exh. 5**, only confirms that Plaintiff's counsel has been withholding this information since 2017. Plaintiff's counsel disclosed Ms. Thompson on September 7, 2018. Undersigned called Ms. Thompson via telephone, and Ms. Thompson confirmed she has not been employed by the Florida Bar for one year and three months.[9]

Moreover, for the reasons stated in section II.A., *supra.*, Plaintiff and her counsel lack standing to assert vague objections of confidentiality. And Plaintiff and her counsel have not provided any privilege log associated with the cell phone or laptop. Accordingly, even a valid claim of "privilege" (which has not been established here) should not bar a forensic examination of Staple's computer and phone. Further, "communications" are not the only potential source of relevant evidence in Staple's computer and cell phones. For example, he may have performed internet research on how much Tylenol one must take to ensure one's death or searches of that type. Thus, this Court should compel Plaintiff to produce the computer and cell phone for inspection (or at least their respective contents from January 1, 2016 to March 16, 2016).

**F. Request for Production No. 19**

On March 23, 2018, Northwestern Mutual requested:

> 19. Produce all Documents, including, but not limited to, voicemails, mails, text messages/iMessages that You or Desmond Staple sent to or received from Aubrey Rosser. Also produce all Documents reflecting calls between You or Desmond Staple and Aubrey Rosser.

On May 23, 2018, Plaintiff responded:

> RESPONSE: Plaintiff does not have any voicemails, emails, text messages/iMessages sent to or received from Aubrey Rosser.

---

[9] Should this Court require additional verification, Northwestern Mutual can obtain a declaration at this Court's request.

> However, Mr. Rosser has produced his file pursuant to a Subpoena Duces Tecum and has provided copies of same to both Plaintiff and Defendant.

On September 14, 2018, Plaintiff amended her response, as follows:

> RESPONSE: Plaintiff does not have any voicemails, emails, text messages/iMessages sent to or received from Aubrey Rosser. However, Mr. Rosser has produced his file pursuant to a Subpoena Duces Tecum and has provided copies of same to both Plaintiff and Defendant.

Again, availability of documents from another source is not a proper objection. Moreover, emails and text messages to and from Rosser (Mr. Staple's agent who sold him the policies) would not be privileged. Certainly Mr. Staple was not in an attorney-client privileged relationship when he was being sold insurance.

## G. Interrogatory No. 7

On March 23, 2018, Northwestern Mutual requested:

> 7. Identify all computer(s), including any internal or external hard drives or other data storage devices, cellular phones, and tablets (collectively "Electronic Devices") that Desmond Staple used from January 1, 2014 through March 16, 2016. This includes all Electronic Devices that Desmond Staple used in his personal or business capacities.

On May 23, 2018, Plaintiff responded:

> RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, burdensome, overly intrusive, and beyond the scope of discovery as contemplated by Federal Rule of Civil Procedure 26(b)(5)(i)(ii). This Interrogatory violates the attorney/client privilege Mr. Staple had with his clients by asking for information used in business capacities. Such an inquiry violates the privacy rights of Mr. Staple and his past clients. Defendant does not have a generalized right to delve at will through communications that Mr. Staple had with his clients. Further, Mr. Staple's email accounts may no longer exist, may have been deleted prior to, or post, Mr. Staple's death and/or the email addresses registered to such accounts cannot be recalled or are no longer accessible as Mr. Staple is unable to reset the accounts' login requirements. Plaintiff

is without knowledge regarding what specific Electronic Devices Mr. Staple used.

On September 18, 2018, Plaintiff responded:

> RESPONSE: While Plaintiff is unaware of all computers or phones used by Mr. Staple, a computer and a phone were located, upon information and belief both used by Mr. Staple. Both of these devices are currently in a fire proof safe of Plaintiff's Counsel, and can be made available upon supervision by Desmond Staple's inventory attorney who took over his practice and who would be able to determine the nature of any privilege that may apply. <u>Plaintiff and her counsel agree to participate in obtaining permission from the Floridia [sic] Bar to permit access to any materials discoverable in either his computer or his phone.</u> Other than these two devices, Plaintiff lacks possession, custody, or control over any other things that would be responsive to this request.

At this point, Northwestern Mutual does not need Plaintiff to identify the phone and laptop through an interrogatory; however, Plaintiff's response to interrogatories 7 and 8 only underscore that Plaintiff refused to identify the electronic devices until the end of discovery and does not have standing to assert the rights (to the extent they even exist) of others.

Further, Plaintiff's statement that emails "may have been deleted" <u>after</u> Staple's death is of great concern to Northwestern Mutual. Only a complete forensic exam on the computer and phone can determine what information exists, or formerly existed, on those devices.

## H.  Interrogatory No. 8

On March 23, 2018, Northwestern Mutual requested.

> 8. Identify the current location of all Electronic Devices identified above, the name of the person(s) who has possession of all Electronic Devices identified above.

On May 23, 2018, Plaintiff responded:

> RESPONSE: Plaintiff objects to this Interrogatory as it is overly broad, burdensome, overly intrusive, and beyond the scope of discovery as contemplated by Federal Rule of Civil Procedure

26(b)(5)(i)(ii). This Interrogatory violates the attorney/client privilege Mr. Staple had with his clients by asking for information that may have been used in business capacities. Such an inquiry would violate the privacy rights of Mr. Staple and his past clients. Plaintiff is without knowledge regarding what specific Electronic Devices Mr. Staple used. Plaintiff is without knowledge regarding who has possession of all Mr. Staple's Electronic Devices.

On September 18, 2018, Plaintiff responded:

RESPONSE: Plaintiff has identified two things responsive to this request, which includes a laptop and a mobile phone, both of which are in a fire proof safe under the control of Plaintiff's counsel.

Again, Plaintiff first had "no knowledge" and then revealed they possessed the laptop and phone, none of which were in the Florida Bar's possession. This "reversal" supports an award of fees under Rule 37.

## I. Plaintiff's Supplemental Rule 26 Disclosures

On September 7, 2018, Plaintiff disclosed that she possessed Staple's cell phone and laptop:

| Photographs of United States Postal Service Mail addressed to the Decedent, Desmond Staple | Digital photographs of US mail sent to Decedent Desmond Staple -- upon instructions from the Florida Bar, these materials may not be opened by any party, due to confidentiality rules. The photographs identify the addressee, the sender, and dates mailed. Documents attached. |
|---|---|
| Decedent, Desmond Staple's Dell Laptop Computer | The device is currently preserved in a fire proof safe controlled by counsel for Cheryl Staple. As this was the computer of an attorney, upon instructions of the Florida Bar, this device may not be opened by any party, due to confidentiality rules. |
| Decedent, Desmond Staple's Samsung Cellular Phone | The device is currently preserved in a fire proof safe controlled by counsel for Cheryl Staple. As this was the cellular phone of an attorney, upon instructions of the Florida Bar, this device may not be opened by any party, due to confidentiality rules. |

As can be seen from the above image, Plaintiff and her counsel have held the Florida Bar out as providing "instructions"—indeed perpetual misrepresentations—that the devices may not

be opened by "any party." **Exh. 8**, at ¶3A. Plaintiff's pervasive and continued use of the Florida Bar as having issued some type of instructions related to the discovery in this federal civil action violates Rule 26.

### III. CONCLUSION

WHEREFORE, Northwestern Mutual respectfully requests this Court compel Plaintiff and her counsel to produce communications, including emails and texts, responsive to Requests for Production Nos. 6, 7, 8, 9, 13, and 19, and award any other relief this Court deems proper, including but not limited to fees and costs incurred relating to obtaining an affidavit from the State Bar, preparing this Motion and Memorandum of Law, and researching caselaw in connection with this motion, among other tasks.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
*Attorneys for The Northwestern Mutual*
*Life Insurance Company*
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Tel: (305) 358-6300
Fax: (305) 381-9982

By: */s/John E. Meagher*
  John E. Meagher
  Florida Bar No. 511099
  jmeagher@shutts.com
  Jake Monk
  Florida Bar No. 100321
  jmonk@shutts.com

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that he has conferred with counsel for Plaintiff in written letter, in orally during depositions in November 2018, via telephone conversations, and in email regarding the relief sought in this Motion, and counsel for Plaintiff objects to the relief sought herein.

> */s/ John E. Meagher*
> Of Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2018, I filed the foregoing document with the Clerk of Court.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via US Mail, an authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> */s/ John E. Meagher*
> Of Counsel

## SERVICE LIST

Theodore A. Corless, Esq.
Mary Catherine Lamoureux, Esq.
Corless Barfield Trial Group, LLC
6812 W. Linebaugh Ave.
Tampa, FL 33625
service@corlessbarfield.com
tcorless@corlessbarfield.com
mlamoureux@corlessbarfield.com
*Counsel for Plaintiff*
Served by CM/ECF