UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHERYL STAPLE

CASE NO. 8:17-cv-3066-T-35TGW

v.

NORTHWESTERN MUTUAL
LIFE INS. CO.

## ORDER

THIS CAUSE came on for consideration upon defendant Northwestern Life Insurance Company's Motion to Compel Production of Text Messages, Emails, and Unopened Mail, and to Compel Production of Computer and Phone Contents for Inspection (Doc. 49) and the opposition thereto (Doc. 57). As the plaintiff points out, the discovery motion is untimely.

The Case Management and Scheduling Order states a discovery deadline of November 15, 2018 (Doc. 23, p. 2). Furthermore, the court specified in the Discovery section of the Scheduling Order that "[t]he Court may deny as untimely all motions to compel filed after the discovery deadline" (Doc. 23, §1.D., p. 4). Thus, the parties had until November 15, 2018, to timely file motions to compel discovery.

The movant did not file this motion until December 6, 2018–three weeks after the discovery deadline in this case. Therefore, the motion is clearly untimely. Furthermore, the movant does not acknowledge, and therefore it certainly has not

offered, any cogent explanation for this untimeliness.*

It is, therefore, upon consideration,

ORDERED:

That defendant Northwestern Life Insurance Company's Motion to Compel Production of Text Messsages, Emails, and Unopened Mail, and to Compel Production of Computer and Phone Contents for Inspection (Doc. 49) is **DENIED**.

DONE and ORDERED at Tampa, Florida, this 7th day of January, 2019.

 THOMAS G. WILSON
 UNITED STATES MAGISTRATE JUDGE

---

* The movant mentions a "recent suspicion that Plaintiff and her counsel were misrepresenting statements from The Florida Bar to shield discovery" based on The Florida Bar's confidentiality rules (Doc. 49, p. 3). This vague assertion is insufficient. Additionally, the movant argues other grounds in its motion to compel that were clearly available prior to the discovery deadline. In fact, the movant argues that the plaintiff's confidentiality objection is unmeritorious because she "lacks standing in this case to assert the rights of third parties' privacy or constitutional rights of privacy of others" (Doc. 49, p. 6).