**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CHERYL STAPLE,**

    **Plaintiff,**

v.     Case No: 8:17-cv-3066-T-35TGW

**NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,**

    **Defendant.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Defendant's Motion to Dismiss for Fraud on the Court, (Dkt. 54), and the response in opposition thereto, (Dkt. 72); Defendant's *Daubert* Motion to Exclude Plaintiff's Experts, (Dkt. 59), and the response in opposition thereto, (Dkt. 66); Defendant's Motion for Summary Judgment on Plaintiff's Complaint or, in the Alternative, for Partial Summary Judgment on Defendant's Counterclaim for Rescission, (Dkt. 62), Plaintiff's response in opposition, (Dkt. 81), and Defendant's reply, (Dkt. 86); Defendant's Motion for Reconsideration of [the] January 7, 2019 Discovery Order, (Dkt. 78), and the response in opposition thereto, (Dkt. 79); and Cheryl Staple's Motion to Seal Pursuant to Order United States Mail Addressed to Desmond Staple ("Motion to Seal"). (Dkt. 92)

On March 6, 2019, the Court held a hearing to address the outstanding motions in this matter. Upon consideration of the matters presented and for the reasons set forth on the record at the hearing, the Court hereby **ORDERS** as follows:

1. Defendant's Motion to Dismiss for Fraud on the Court, (Dkt. 54), is **DENIED** to the extent that it sought dismissal of the Action.

2. Discovery in this matter shall be reopened and extended until **July 8, 2019**. To the extent that additional depositions of lay and expert witnesses are required, the Parties may conduct any such discovery within the allotted time. An amended case management and scheduling order will be issued by separate notice.

3. Plaintiff's Motion to Seal, (Dkt. 92), is **GRANTED**. The Clerk is **DIRECTED** accept the box of Desmond Staple's mail that Plaintiff delivered to the Court on March 6, 2019 **UNDER SEAL** until further Order of the Court. Due to the volume of the box's contents, the Court finds it necessary to appoint a special master to review the mail for potentially privileged communications between Mr. Staple and his former clients. The Court will issue a separate Order appointing a special master with further details therein.

4. Simultaneously to the entry of this Order, the Court will also appoint a forensic expert to access and retrieve responsive Electronically Stored Information ("ESI") from the laptop and cellphone belonging to the decedent that Plaintiff stored in the Plaintiff's home and later turned over to her counsel. No later than **Monday March 11, 2019**, Plaintiff **SHALL** turn over custody of the laptop and the cell phone to the Special Master, who will produce it to the expert for examination. Plaintiff shall also provide the Special Master with the passwords for these devices. In the interim, the devices shall not be opened or accessed for any purpose. The examination shall be limited to the contents of the devices from the date of January 1, 2014 through the date that the expert receives custody of the

laptop and cellphone. On or before **March 13, 2019**, the Parties **SHALL** file a Joint Notice of additional stipulated parameters for the expert examination.

5. Plaintiff and the Corless Barfield Trial Group, LLC shall be jointly and severally liable to pay the cost of the forensic examination of the laptop and cell phone as a sanction for improperly withholding this discovery. Plaintiff had actual possession of the devices from the inception of this case and she and the Corless Barfield Trial Group, LLC had, at the very least, constructive knowledge of these devices by way of the photographs in their possession. Moreover, Plaintiff's basis for withholding the laptop and cell phone pursuant to the Florida Bar's directives was misleading. Moreover, to the extent that any discovery was to be provided from these devices had they been disclosed timely and if Plaintiff intended to preserve privileged communications, Plaintiff would have had to bear the expense at that time.

6. Plaintiff and the Corless Barfield Trial Group, LLC **SHALL** be jointly and severally liable to pay Defendant's reasonable attorneys' fees and costs incurred in relation to the filing of the Motion to Compel Production of Text Messages, Emails, and Unopened Mail, and to Compel Production of Computer and Phone Contents for Inspection, (Dkt. 49), and Defendant's Motion for Reconsideration of January 7, 2019 Order, (Dkt. 78), for the reasons explained at the hearing. Additionally, the Court states that it finds that these motions would not have been necessary absent Plaintiff's counsel's misrepresentations regarding the Florida Bar's directives. The Florida Bar never told Plaintiff "to preserve these materials without disclosure absent their direction and permission." (Dkt. 54-64 at 6) In fact,

Plaintiff's counsel never had *any* conversation with the Florida Bar concerning the electronic devices, which counsel claimed not to have known about until months after the call to the Florida Bar concerning Mr. Staple's mail. Counsel for the Parties **SHALL** confer regarding the reasonable fees incurred in connection with those filings, and, if no agreement can be made, Defendant shall file a motion for reasonable fees and costs, attaching the necessary fee records and an appropriate affidavit.

7. Defendant's *Daubert* Motion to Exclude Plaintiff's Experts, (Dkt. 59), is **DENIED WITHOUT PREJUDICE**.

8. Defendant's Motion for Summary Judgment on Plaintiff's Complaint or, in the Alternative, for Partial Summary Judgment on Defendant's Counterclaim for Rescission, (Dkt. 62), is **DENIED WITHOUT PREJUDICE**.

9. Defendant's Motion for Reconsideration of [the] January 7, 2019 Discovery Order, (Dkt. 78), is **GRANTED.** The Motion to Compel is **GRANTED**, to the extent consistent with the directives set forth herein and the Court's rulings at the hearing.

**DONE and ORDERED** in Tampa, Florida this 8th day of March, 2019.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Party