

Mary Catherine Lamoureux, Esq.
mlamoureux@corlessbarfield.com

August 13, 2019

**Via Email: jmonk@shutts.com**
Jake Monk, Esq.
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131

      RE:    Staple v. Northwestern Mutual Life Insurance Co.

Dear Jake,

We are writing to follow up regarding the consents you provided to our office for Cheryl Staple to execute in order to gain access to Desmond Staple's following email accounts: staplelaw@gmail.com; dstaplelaw@yahoo.com; and thestaplegroup@yahoo.com.

By way of background, after conferencing with your office we expressed in an email dated June 24, 2019 the following agreement:

> Plaintiff agrees NWM will prepare the consents necessary to be executed by Plaintiff to obtain the credentials necessary to access these accounts and provide them to Plaintiff who will cooperate and execute same. Any credentials provided by Yahoo, Google and Dropbox to obtain access to Mr. Staple's accounts will be directed to the Special Master who will be exclusively responsible for accessing Mr. Staple's Yahoo, Google and Dropbox accounts and reviewing any requested and responsive materials for potentially privileged information. The Special Master will then identify and withhold any materials identified as privileged. It remains to be determined what involvement Ehounds will have in this matter and, if Ehounds is involved, who is responsible for Ehounds' fees.

Note, the agreement specifically states the email accounts Northwestern Mutual wants to gain access to are Mr. Staple's accounts. (A copy of the June 24, 2019 email is attached hereto.)

August 13, 2019
Page 2 of 3

Because we did not receive any consents for review from your office, we sent a letter to your attention dated July 10, 2019 restating the above agreement and further stating:

To date, we have not received the above-referenced consents. Please provide these consents to our office for our review as soon as possible so the process is not delayed.

(A copy of this July 10, 2019 correspondence is attached hereto.)

At 5:30 pm on August 2, 2019, (almost six weeks after the June 24, 2019 agreement) you sent the attached consents to our office for review. In the consents prepared by your office, Cheryl Staple is identified as "the owner" of the above-referenced email accounts.  Specifically, the consents state:

"I [Cheryl Staple] own the email addresses: dstaplelaw@yahoo.com; thestaplegroup@yahoo.com; staplelaw@gmail.com;

and

"As the owner of all emails sent by or received by dstaplelaw@yahoo.com; thestaplegroup@yahoo.com, staplelaw@gmail.com  I [Cheryl Staple] provide my lawful consent, pursuant to 18 U.S.C. § 2702(b)(3), for Yahoo!/Google, and its affiliated entities, to produce for each of the aforementioned accounts…"

We wrote to you on August 5, 2019 and stated:

On Friday afternoon, August 2, 2019, our office received the proposed consents to be sent to Yahoo! and Google. Please provide citations of the legal authority that supports these proposed consents, so we may compare this authority with the proposed consents.

(A copy of this August 5, 2019 correspondence is attached hereto.)

We did not receive a reply to our August 5, 2019 correspondence, so we emailed your office on August 9, 2019 and stated:

Please see the attached correspondence that was previously sent on August 5th regarding the consents.  Please let us know.  Thank you.

(A copy of this August 9, 2019 email is attached hereto.)

August 13, 2019
Page 3 of 3

On August 12, 2019 you emailed our office and stated:

Why do we need to provide "authority" for the consent that you agreed
your client would provide?  You agreed to provide consent verbally and in
writing.

(A copy of the August 12, 2019 email is attached hereto.)

Upon receipt of your August 12, 2019 email, the undersigned called your office and
expressed to you the concern that the consents you provided to our office were factually
inaccurate as Cheryl Staple is not the owner of Desmond Staple's email accounts.  You cite in
the consents 18 U.S.C. sec. 2702(b)(3) as the authority for Cheryl Staple to sign the consents.
We disagree that 18 U.S.C. sec. 2702(b)(3) accurately describes Cheryl Staple.  She is not the
"originator" of Desmond Staple's emails and she only potentially might be  "an addressee or
intended recipient" of some of Desmond Staple's emails.

We are uncertain how the consents Northwestern Mutual wants to submit to Google and
Yahoo! are to be drafted.  Specifically, we do not know what legal relationship Cheryl Staple has
to Desmond Staple's email accounts, thereby enabling her to legally consent to the release of
information from these email accounts.  If Northwestern Mutual is aware of a relationship
between Cheryl Staple and Desmond Staple's email accounts, or a status Cheryl Staple has that
enables her to provide consent to access Desmond Staple's email accounts, please provide proof
of this relationship and/or status and support for it being legally sufficient for Cheryl Staple to
provide consent to accessing Desmond Staple's email accounts.

The undersigned reiterated to you during our August 12, 2019 phone call our office's
intent to fully cooperate with your office  regarding executing the necessary consents. However,
consents that are legally sufficient and factually accurate need to be provided to Cheryl Staple
for execution.

We stand by ready to receive consents drafted by your office that are factually accurate
and legally sound. Upon receipt, we will forward them to Chery Staple for execution.

Thank you.

Very truly yours,

Mary Catherine Lamoureux, Esquire
For the Firm

MCL/lm
Enclosures



**From:** **Mary Catherine Lamoureux** mlamoureux@corlessbarfield.com
**Subject:** Staple
**Date:** June 24, 2019 at 6:12 PM
**To:** Jake Monk JMonk@shutts.com
**Cc:** Liz McCarthy lmccarthy@corlessbarfield.com, Ada Oliva aoliva@corlessbarfield.com

Hi Jake,

I am writing to summarize Plaintiff's agreement/conditions/objections with discovery issues raised by NWM that we discussed during our telephone conferences conducted on June 19, 2019 and today, June 24, 2019.  Note: I added one more thing to item 3 that we did not discuss (Plaintiff will not agree to any more discovery extensions after the one now being requested by NWM).

Thanks,
Mary Catherine

First Item

NWM will move to compel better responses to the following:

    a)    Plaintiff's Amended Responses to Northwestern Mutual's Second Request for Production, No. 2., which is non-responsive.
    b)    Plaintiff's Amended Responses to Northwestern Mutual's Fourth Amended Interrogatories, No. 6, which is non-responsive.

2. The ATM receipt or bank records showing the withdrawal of $300 at Walmart on March 13, 2016 referenced in Ted Corless's letter to Dr. Adams.
6. Provide a list of every item in Desmond Staple's car when it was returned to you after his death.
 **Plaintiff will amend her responses to the above and provide to your office by Friday, June 28, 2019.**

Second Item

Pursuant to NMW 1<sup>st</sup> request for production numbers 15 and 16, NWM First Interrogatories number 16, and NWM 2d RFP, NWM will move to compel Plaintiff to contact Yahoo, Google and Dropbox as the spouse of the Decedent in order to obtain the necessary credentials to gain access to these accounts.

**Plaintiff agrees NWM will prepare the consents necessary to be executed by Plaintiff to obtain the credentials necessary to access these accounts and provide them to Plaintiff who will cooperate and execute same. Any credentials provided by Yahoo, Google and Dropbox to obtain access to Mr. Staple's accounts will be directed to the Special Master who will be exclusively responsible for accessing Mr. Staple's Yahoo, Google and Dropbox accounts and reviewing any requested and responsive materials for potentially privileged information. The Special Master will then identify and withhold any materials identified as privileged. It remains to be determined what involvement Ehounds will have in this matter and, if Ehounds is**

involved, who is responsible for Ehounds' fees.

<u>Third Item</u>

NWM will be moving for a four month discovery extension through Nov. 5.

**Plaintiff will not object to NWM's request for a four month discovery extension under the following conditions:
a) Plaintiff does not agree to and does not waive her objections to NWM attempting to re-open depositions of witnesses already conducted in this litigation including, but not limited to, the depositions of Plaintiff and Plaintiff's expert witnesses; and b) Plaintiff will not agree to any more discovery extensions after this one.**

*Reminder of the 10 deposition per party limitation.

<u>Fourth Item</u>

NWM will be asking for an in camera review of text messages withheld by the Special Master on the basis of privilege.

**Plaintiff has no objection to NWM asking for an in camera review of text messages withheld by the Special Matter on the basis of legally recognized privileges. However, once NWM identifies what text messages it requests the Court to in camera review and the basis for the disclosure of the text message(s) and/or inapplicability and/or waiver of the privilege(s) identified by the Special Master, Plaintiff does not waive its right to object and or comment to the Court about the applicability of the privileges identified by the Special Master and/or the scope of the privileges identified by the Special Master regarding the withheld text messages.**

<u>Fifth Item</u>

OC wants to have a phone conference with Ehounds and explore why native files were not produced.

**Plaintiff agrees to this request and awaits NWM scheduling same.**

<u>Sixth Item</u>

NWM does not believe it should pay its share of the Special Master's fees regarding the production of photographs of the US mail provided to NWM in discovery and those photographs provided to the Special Master.

**Plaintiff is uncertain as to what these fees are, and Plaintiff objects to NWM's position.**



Mary Catherine Lamoureux, Esq.
mlamoureux@corlessbarfield.com


July 10, 2019


**Via Email: jmonk@shutts.com**
Jake Monk, Esq.
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131


RE:   Staple v. Northwestern Mutual Life Insurance Co.


Dear Jake,

I am following up on the agreement we reached regarding the preparation of the consents you communicated are necessary to be executed by Mrs. Staple in order for Northwestern Mutual to access Mr. Staple's Yahoo, Google, and Dropbox accounts. Specifically, I memorialized our agreement regarding this topic in an email sent to you on June 24, 2019. Here is the relevant excerpt from the June 24, 2019 email:

Plaintiff agrees NWM will prepare the consents necessary to be executed by Plaintiff to obtain the credentials necessary to access these accounts and provide them to Plaintiff who will cooperate and execute same. Any credentials provided by Yahoo, Google and Dropbox to obtain access to Mr. Staple's accounts will be directed to the Special Master who will be exclusively responsible for accessing Mr. Staple's Yahoo, Google and Dropbox accounts and reviewing any requested and responsive materials for potentially privileged information. The Special Master will then identify and withhold any materials identified as privileged. It remains to be determined what involvement Ehounds will have in this matter and, if Ehounds is involved, who is responsible for Ehounds' fees.

To date, we have not received the above-referenced consents. Please provide these consents to our office for our review as soon as possible so the process is not delayed.

One item we have not discussed is the timeframe that will ultimately be limiting the temporal scope of Northwestern Mutual's request regarding Mr. Staple's Yahoo, Google and Dropbox accounts. What timeframe is Northwestern Mutual proposing?

Thank you for your cooperation.

Very truly yours,

Mary Catherine Lamoureux, Esquire
For the Firm

MCL/lm

From: **Jake Monk** JMonk@shutts.com  𝒮
Subject: NWM/Staple - Consents to Google and Yahoo!
Date: August 2, 2019 at 5:30 PM
To: Mary Catherine Lamoureux mlamoureux@corlessbarfield.com
Cc: Liz McCarthy lmccarthy@corlessbarfield.com, Maria T. Martinez MMartinez@shutts.com, Maleny Leon-Rivera
MLeon-Rivera@shutts.com

Mary Catherine,

Please see attached for the consents  to Google and Yahoo!.  We please consider the "order" as attached to each consent.  When we submit the subpoenas, they contain instructions that the productions go to the special master.  Please let me know when we can expect these returned to us

Best,
Jake



**Jake Monk**
*Attorney at Law*

_____

### Shutts & Bowen LLP

200 South Biscayne Boulevard, Suite 4100 | Miami, FL 33131
Direct: (305) 379-9116 | Fax: (305) 347-7780 | Cell: (513) 226-3252
E-Mail | Biography | V-Card | Website

**Please consider the environment before printing this email**

          

Staple –          Staple –          Order
Conse...oo!.pdf   Conse...Inc.pdf   Appoin...ter.PDF

**Consent to Release of Customer Communications and Records**
**Pursuant to 18 U.S.C. § 2702 (Stored Communications Act)**

I, Cheryl Staple, state as follows:

1.      My name is Cheryl Staple, and my date of birth is █████Redacted█████ 1970.

2.      I own the email addresses: dstaplelaw@yahoo.com; thestaplegroup@yahoo.com

3.      My current address is 7117 Pelican Dr., Tampa, Florida 33634.

4.      I am involved in a lawsuit against The Northwestern Mutual Life Insurance Company, Case No. 8:17-cv-03066, pending in the United States District Court for the Middle District of Florida.

5.      As the owner of all emails sent by or received by dstaplelaw@yahoo.com; thestaplegroup@yahoo.com, I provide my lawful consent, pursuant to 18 U.S.C. § 2702(b)(3), for Yahoo!, and its affiliated entities, to produce for each of the aforementioned accounts:

        (a)     All of the messages and attachments in the Yahoo! accounts from May 6,

                2015 through the present.

6.      For all documents responsive to any the search terms stated herein, please provide such documents only to the court-appointed Special Master, Robert Stines, Esq.:

        Robert A. Stines
        Freeborn & Peters, LLP
        201 North Franklin Street
        Suite 3550
        Tampa, Florida 33602
        rstines@freeborn.com

        ***A copy of the court order appointing the Mr. Stines as special master is attached.***

7.      For all documents provided to Robert Stines, please also provide Robert Stines, a numerical count of the number of emails responsive to the requests.

8.     ***Alternately***, please provide to Robert Stines temporary passwords to reset account access for dstaplelaw@yahoo.com; thestaplegroup@yahoo.com, so that he may obtain and produce the account content himself.


By:_____
Cheryl Staple

STATE OF FLORIDA          )
                          )      SS:
COUNTY OF _____         )


Sworn to (or affirmed) and subscribed before this before me this _____ day of _____, 2019 by Cheryl Staple.


_____
Notary Public, State of Florida


_____
(Print, Type or Stamp Commissioned
Name of Notary Public)


_____
Commission Number

Personally Known _____ OR Produced Identification _____

Type of Identification Produced:_____

**Consent to Release of Customer Communications and Records**
**Pursuant to 18 U.S.C. § 2702 (Stored Communications Act)**

I, Cheryl Staple, state as follows:

1.      My name is Cheryl Staple, and my date of birth is **Redacted** , 1970.

2.      I own the email addresses: staplelaw@gmail.com.

3.      My current address is 7117 Pelican Dr., Tampa, Florida 33634.

4.      I am involved in a lawsuit against The Northwestern Mutual Life Insurance Company, Case No. 8:17-cv-03066, pending in the United States District Court for the Middle District of Florida.

5.      As the owner of all emails sent by or received by staplelaw@gmail.com, I provide my lawful consent, pursuant to 18 U.S.C. § 2702(b)(3), for Google Inc., and its affiliated entities, to produce for each of the aforementioned accounts:

(a)      Android Device Configuration Service data for Android device attributes, performance data, software versions, and account identifiers.

(b)      All of the messages and attachments in the Gmail Accounts from May 6, 2015 through the present.

(c)      All Google Chats and/or Google Hangouts conversation history and attachments.

(d)      All bookmarks stored at www.google.com/bookmarks

(e)      All calendars

(f)      All bookmarks, history, and other settings from Chrome

(g)      Contacts, which includes contacts and photos added by the user, as well as contacts saved from the user's interactions in Google products like Gmail.

(h)      Files that have been stored in My Drive and Computers.

(i)     Location history

(j)     Preferences and personal places in Maps

(k)     Maps - Records of starred places and place reviews

(l)     My Activity - Records of activity data, along with image and audio attachments.

(m)     Profile – Settings and images from the Google profile.

(n)     Tasks – Open and completed tasks associated with each account.

(o)     Voice – Saved Google Voice call history, messages and voicemails as well as current linked numbers.

(p)     YouTube – Watch and search history, videos, comments, and other content created on YouTube.

(q)     In other words, the complete account information available on www.google.com/takeout/.

6.     For all documents responsive to any the search terms stated herein, please provide such documents only to the court-appointed Special Master, Robert Stines, Esq.:

Robert A. Stines
Freeborn & Peters, LLP
201 North Franklin Street
Suite 3550
Tampa, Florida 33602
rstines@freeborn.com

***A copy of the court order appointing the Mr. Stines as special master is attached.***

7.     For all documents provided to Robert Stines, please also provide Robert Stines, a numerical count of the number of emails responsive to the requests.

8.     **_Alternately_**, please provide to Robert Stines temporary passwords to reset account access for staplelaw@gmail.com, so that he may obtain and produce the account content himself

by using Google Takeout, at www.google.com/takeout/.

By:_____
Cheryl Staple

STATE OF FLORIDA     )
                       )     SS:
COUNTY OF _____    )

        Sworn to (or affirmed) and subscribed before this before me this _____ day of _____, 2019 by Cheryl Staple.


_____
Notary Public, State of Florida


_____
(Print, Type or Stamp Commissioned
Name of Notary Public)

_____
Commission Number

Personally Known _____ OR Produced Identification _____

Type of Identification Produced:_____



Mary Catherine Lamoureux, Esq.
mlamoureux@corlessbarfield.com

August 5, 2019

**Via Email: jmonk@shutts.com**
Jake Monk, Esq.
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131

RE:   Staple v. Northwestern Mutual Life Insurance Co.

Dear Jake,

On Friday afternoon, August 2, 2019, our office received the proposed consents to be sent to Yahoo! and Google. Please provide citations of the legal authority that supports these proposed consents, so we may compare this authority with the proposed consents.

Thank you for your cooperation.

Very truly yours,

Mary Catherine Lamoureux, Esquire
For the Firm

MCL/lm

**From:** **Liz McCarthy** lmccarthy@corlessbarfield.com 
**Subject:** Re: Staple - Consents
**Date:** August 9, 2019 at 5:51 PM
**To:** Jake Monk jmonk@shutts.com, Maleny Leon-Rivera mleon-rivera@shutts.com
**Cc:** Mary Catherine Lamoureux mlamoureux@corlessbarfield.com



Please see the attached correspondence that was previously sent on August 5th regarding the consents.  Please let us know.
Thank you.



Mary Catherine Lamoureux, Esq.
mlamoureux@corlessbarfield.com

August 5, 2019

**Via Email: jmonk@shutts.com**
Jake Monk, Esq.
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131

      RE:    Staple v. Northwestern Mutual Life Insurance Co.

Dear Jake,

      On Friday afternoon, August 2, 2019, our office received the proposed consents to be sent to Yahoo! and Google. Please provide citations of the legal authority that supports these proposed consents, so we may compare this authority with the proposed consents.

      Thank you for your cooperation.

Very truly yours,

Mary Catherine Lamoureux, Esquire
For the Firm

MCL/lm

www.CorlessBarfield.com

Sincerely,

Liz McCarthy, Litigation Manager
Corless Barfield Trial Group, LLC
6812 W. Linebaugh
Tampa, FL 33625
813-258-4998
813-258-4988 Facsimile



The information contained in this E-mail is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by E-mail. If the person actually receiving this E-mail or any other reader of the E-mail is not the named recipient or the employee or agent responsible to deliver it to the name recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify me via E-mail.

On Aug 5, 2019, at 3:20 PM, Liz McCarthy <lmccarthy@corlessbarfield.com> wrote:

Please see attached.

<Staple - Letter to OC re consents for emails 2019-08-05.pdf>

Sincerely,

Liz McCarthy, Litigation Manager
Corless Barfield Trial Group, LLC
6812 W. Linebaugh
Tampa, FL 33625
813-258-4998
813-258-4988 Facsimile

<image002.png>

The information contained in this E-mail is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by E-mail. If the person actually receiving this E-mail or any other reader of the E-mail is not the named recipient or the employee or agent responsible to deliver it to the name recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify me via E-mail.



From: **Jake Monk** JMonk@shutts.com
Subject: FW: Staple - Consents
Date: August 12, 2019 at 1:08 PM
To: Liz McCarthy lmccarthy@corlessbarfield.com, Mary Catherine Lamoureux mlamoureux@corlessbarfield.com,
Maleny Leon-Rivera MLeon-Rivera@shutts.com, John E. Meagher JMeagher@shutts.com



Mary Catherine,

Why do we need to provide "authority" for the consent that you agreed your client would provide? You agreed to provide consent verbally and in writing. This excerpt from your June 24, 2019 email memorializes our agreement (your "answer" is in bold):

> _Second Item_
>
> *Pursuant to NMW 1st request for production numbers 15 and 16, NWM First Interrogatories number 16, and NWM 2d RFP, NWM will move to compel Plaintiff to contact Yahoo, Google and Dropbox as the spouse of the Decedent in order to obtain the necessary credentials to gain access to these accounts.*
>
> **Plaintiff agrees NWM will prepare the consents necessary to be executed by Plaintiff to obtain the credentials necessary to access these accounts and provide them to Plaintiff who will cooperate and execute same. Any credentials provided by Yahoo, Google and Dropbox to obtain access to Mr. Staple's accounts will be directed to the Special Master who will be exclusively responsible for accessing Mr. Staple's Yahoo, Google and Dropbox accounts and reviewing any requested and responsive materials for potentially privileged information. The Special Master will then identify and withhold any materials identified as privileged. It remains to be determined what involvement Ehounds will have in this matter and, if Ehounds is involved, who is responsible for Ehounds' fees.**

Notwithstanding, our consent form specifically states the federal statute under which "consent" may be given. Most importantly, as agreed, our subpoenas and consent forms specifically direct the entity subpoenaed to provide the information to the special master. Please let us know ASAP when can we expect the consent forms signed so that we can issue the subpoenas.



**Jake Monk**
_Attorney at Law_

_____

**Shutts & Bowen LLP**
200 South Biscayne Boulevard, Suite 4100 | Miami, FL 33131
Direct: (305) 379-9116 | Fax: (305) 347-7780 | Cell: (513) 226-3252
E-Mail 〉 Biography 〉 V-Card | Website

**Please consider the environment before printing this email**

**From:** Liz McCarthy [mailto:lmccarthy@corlessbarfield.com]
**Sent:** Friday, August 09, 2019 5:52 PM
**To:** Jake Monk; Maleny Leon-Rivera
**Cc:** Mary Catherine Lamoureux
**Subject:** Re: Staple - Consents

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.

Please see the attached correspondence that was previously sent on August 5th regarding the consents.  Please let us know.  Thank you.

Sincerely,

Liz McCarthy, Litigation Manager
Corless Barfield Trial Group, LLC
6812 W. Linebaugh
Tampa, FL 33625
813-258-4998
813-258-4988 Facsimile



The information contained in this E-mail is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by E-mail. If the person actually receiving this E-mail or any other reader of the E-mail is not the named recipient or the employee or agent responsible to deliver it to the name recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify me via E-mail.

> On Aug 5, 2019, at 3:20 PM, Liz McCarthy
> <lmccarthy@corlessbarfield.com> wrote:
>
> Please see attached.
>
> <Staple - Letter to OC re consents for emails 2019-08-05.pdf>

Sincerely,

Liz McCarthy, Litigation Manager
Corless Barfield Trial Group, LLC
6812 W. Linebaugh
Tampa, FL 33625
813-258-4998
813-258-4988 Facsimile

&lt;image002.png&gt;

The information contained in this E-mail is protected by the attorney-client and/or the attorney-work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by E-mail. If the person actually receiving this E-mail or any other reader of the E-mail is not the named recipient or the employee or agent responsible to deliver it to the name recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify me via E-mail.



Mary Catherine Lamoureux, Esq.
mlamoureux@corlessbarfield.com

August 5, 2019

**Via Email: jmonk@shutts.com**
Jake Monk, Esq.
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131

RE:     Staple v. Northwestern Mutual Life Insurance Co.

Dear Jake,

On Friday afternoon, August 2, 2019, our office received the proposed consents to be sent to Yahoo! and Google. Please provide citations of the legal authority that supports these proposed consents, so we may compare this authority with the proposed consents.

Thank you for your cooperation.

Very truly yours,

Mary Catherine Lamoureux, Esquire
For the Firm

MCL/lm

6812 West Linebaugh Avenue, Tampa, FL 33625
813-258-4998 | 813-258-4988 Facsimile
www.CorlessBarfield.com