**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**8:17-cv-03066-MSS-TGW**

CHERYL STAPLE,

      Plaintiff/Counter-defendant,

v.

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

      Defendant/Counter-plaintiff.

_____/

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

      Defendant/Counter-plaintiff,

v.

ESTATE OF DESMOND H. STAPLE AND
CHERYL STAPLE,

      Plaintiff/Counter-defendants.

_____/

**DEFENDANT THE NORTHWESTERN MUTUAL LIFE INSURANCE**
**COMPANY'S OMNIBUS MOTION *IN LIMINE***

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), pursuant to Federal Rules of Evidence 401, 402, 403, 602, 611, and 802, hereby moves for entry of an Order determining the order of proof at trial, preventing Plaintiff, Cheryl Staple ("Plaintiff"), from bringing the children of Desmond H. Staple (the "Children") into the courtroom and presenting, referring to, or commenting upon any photographs or video evidence of the Children at trial. The above referenced evidentiary matters would not prove or disprove

1

any material fact in the case or any elements of the causes of actions pled, but Plaintiff may seek to present them for the sole purpose of attempting to unfairly prejudice Northwestern Mutual and improperly influence or confuse the trier of fact.

### I. Introduction

This case involves a claim for benefits under (1) Policy Number 21144517; (2) Policy Number 21144525; and (3) Policy Number 21200595 (collectively referred to as the "Policies"). The Policies, issued by Northwestern Mutual, provides for benefits in the amount of $1,000,000.00 to be paid to the sole beneficiary, Cheryl Staple, on the death of her husband, Desmond Staple (the "Insured").[1]  On March 16, 2016 the Insured was pronounced deceased.[2] Plaintiff thereafter made a claim for benefits to Northwestern Mutual.[3]  After investigating Plaintiff's claim and receiving the Hillsborough County's medical examiner's report, concluding the Insured's manner of death was suicide,  Northwestern Mutual denied the claim for the $1,000,000 death benefit and, instead,  refunded the premiums for the Policies pursuant to their suicide provisions.[4]  This litigation ensued.

### II. Defendant, Having the Burden Of Proof, Should Present Its Case First and Last.

Northwestern Mutual has the burden of proof on the sole issue remaining in this case and, therefore, should be entitled to present its case first and last to the jury.  In the alternative, should this Court determine that Plaintiff can present her case first, Northwestern Mutual respectfully requests that this Court limit Plaintiff's evidence solely to prove the prima facie requirements of what she contends remains in issue, *i.e.*, the existence of the Polices, the Insured's death, and Northwestern Mutual's denial of her claim for the $1,000,000 death benefit.

---

[1] [D.E. 239] Joint Pre-Trial Stipulation: Pg. 2, ¶7.
[2] [D.E. 239] Joint Pre-Trial Stipulation: Pg. 3, ¶9(e).
[3] [D.E. 239] Joint Pre-Trial Stipulation: Pg. 3, ¶9(f).
[4] [D.E. 239] Joint Pre-Trial Stipulation: Pg. 3, ¶9(h).

Presentation of Plaintiff's case-in-chief to the jury serves no legitimate purpose. Plaintiff's entire case—proving that there was a valid life insurance policy, that the insured in fact died, that a claim for benefits under the policy was made, and that claim was denied—has now been admitted in the parties' Joint Pre-Trial Stipulation.[5] Given that the parties have stipulated to all facts Plaintiff contends she would be required to prove in her case-in-chief, Defendant now bears the burden of proof to show that the reason for denial—the suicide provision—is applicable. The parties agree that whether the Insured committed suicide is the only issue remaining in the litigation.[6]

When an insurance company denies benefits on the basis of suicide, the burden of proof is placed upon the insurance company to prove that fact. See St. Paul Fire & Marine Ins. Co. v. Sea Quest Intern., Inc., 676 F. Supp. 2d 1306, 1313 (M.D. Fla. 2009) ("[T]he insurer then bears the burden of establishing the applicability of a policy exclusion seeking to bar coverage." (citing U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061, 1065 (Fla. 1983))), aff'd, 403 Fed. Appx. 471 (11th Cir. 2010); see also Travelers Indem. Co. of Illinois v. Royal Oak Enterprises, Inc., 344 F. Supp. 2d 1358, 1367 (M.D. Fla. 2004) (holding that insurer had the burden of proof to show that proceeds of the policy were excluded by application of policy's exclusion), aff'd sub nom. Travelers Indem. Co. of Ill. v. Royal Oak Enterprises, Inc., 171 Fed. Appx. 831 (11th Cir. 2006).

When a Defendant has the burden of proof, it is appropriate for the court to exercise discretion to adjust the presentation of the evidence at trial. See United States v. 2,353.28 Acres of Land, et al., 414 F.2d 965 (5th Cir. 1969) ("[T]raditional notions of fairness favor giving the privilege of opening and closing to the party who carries the burden of proof." (citations

---

[5] [D.E. 239] Joint Pre-Trial Stipulation: Pg. 3, ¶ 9(a), (b), (c), (e), (f).
[6] [D.E. 239] Joint Pre-Trial Stipulation: Pg. 3, ¶11.

omitted)).[7] This principle is equally applicable to the right to the initial opening statement at trial,

and the right to go first (and last) in closing arguments to the jury. See Fort Lauderdale v. Casino

Realty, Inc., 313 So. 2d 649, 652 (Fla. 1975) (Overton, J., specially concurring)[8] ("The right to

open and close final argument rests upon the general principle of law that the party on whom

rests the burden of proof is required to go forward with the evidence and in final argument is

entitled to open and close."  (citing Gardner Lumber Co. v. Bank of Commerce, 74 So. 313

(1917); Einstein v. Munnerlyn, 13 So. 926 (1893))); see also Wike v. State, 648 So. 2d 683, 686-

687 (Fla. 1994) (noting that "[a]t common law, the generally accepted rule was that the party

who had the burden of proof had the right to begin and conclude the argument to the jury" and

that "[t]he rule applied to both civil and criminal cases").  The Court in Wike stated that the

"rationale behind this common law rule was to provide the party who shouldered the

disadvantage of the burden of proof with the advantage of the opening and closing arguments

before the jury." Id. (citing Faulk v. State, 104 So. 2d 519 (Fla. 1958)).

This Court, pursuant to Federal Rule of Evidence 611(a), has the discretion to "exercise

reasonable control over the mode and order of interrogating witnesses and presenting evidence."

Indeed, Florida courts have repeatedly found that trial courts can decide the order in which

parties may present the evidence at trial. See Johnson v. Mortham, 915 F.Supp. 1574, 1581 (N.D.

Fla. 1996) ("[A] trial court has broad discretion to exercise control over the order of presentation

at trial. . . . There will be no error in changing the order of presentation, so long as the court does

not shift the ultimate burden of proof or persuasion to the other party. . . ."). Thus, this Court is

---

[7] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that the decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit).
[8] Significantly, a majority of the Florida Supreme Court joined in this special concurrence making it binding precedent. Fla. Const. Art. V, § 3(a) ("The concurrence of four justices shall be necessary for a decision"); see Greene v. Massey, 384 So. 2d 24, 27 (Fla. 1980).

well within its discretion to allow Northwestern Mutual to present its case first and last at trial.

Since Northwestern Mutual bears the burden of proof in this action, having asserted the affirmative defense of the claim being excluded,[9] this Court should exercise its discretion and enter an order that Northwestern Mutual should present its opening statement at trial before Plaintiff, present its case-in-chief first and, after Plaintiff presents her case, Northwestern Mutual shall present its rebuttal case.  Northwestern Mutual should also be permitted to address the jury first in opening statements and first and last in closing arguments.

In the alternative, if the Court denies the instant request, Northwestern Mutual moves to limit Plaintiff's presentation of the evidence solely to the prima facie requirements to prove her claim. Specifically, Plaintiff should only be allowed to present evidence that the Policies were issued, Insured's death occurred, Plaintiff made her claim as the beneficiary and that claim was denied. Plaintiff's presentation of any evidence outside the scope of those topics would be solely for the purpose of "poisoning the well" and attempting to discredit Northwestern Mutual's case before Northwestern Mutual has an opportunity to present its case in chief, which would be inherently unfair and contrary to the purpose behind the well-settled practice of allowing the party having the burden to open and close the evidence.

## III.  Plaintiff's Children Should be Excluded from the Courtroom, and Pictures and Video of Plaintiff's Children Should be Excluded.

At the time of his death, the Insured had four (4) minor children, who are neither parties to this lawsuit nor beneficiaries under the subject Policies.  Although never identifying them as witnesses on her trial witness list,[10] Plaintiff has now listed these children on her demonstrative aid,[11] and has included various pictures and a video of them on her trial exhibit list.[12]  Moreover,

---

[9] [D.E. 20] Defendant's Amended Answer and Affirmative Defenses, pg. 8, ¶ 3.
[10] [D.E. 240-3] Plaintiff's Witness List.
[11] Attached hereto as **Exhibit 1**.

it is anticipated that Plaintiff may attempt to have the Children present in the courtroom at trial in order to engender sympathy and influence the jury. The presence of the Children, however, has no probative value, will be used solely for the purpose of garnering sympathy from the jury, and could be traumatic for the children, themselves, who will be exposed the tragic details of their father's death by a Tylenol overdose.  Furthermore, pictures and video evidence of the children have no probative value and would be used merely to confuse the issues and create unfair prejudice. Therefore, Northwestern Mutual respectfully requests that this Court enter an order excluding the Children from the courtroom and holding any picture or video evidence of them shall not be introduced, referred to, or used at trial.

Federal Rule of Evidence 401 states that evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  And, Federal Rule of Civil Evidence 402 states that "[i]rrelevant evidence is not admissible."  The Children's presence in the courtroom does not tend to prove or disprove whether the Insured committed suicide and thus they should be excluded. See Green v. N. Arundel Hosp. Ass'n, Inc., 785 A.2d 361, 378 (2001) (affirming exclusion of child plaintiff from the courtroom where the child's "presence is rather as an exhibit—a piece of evidence—that is both irrelevant and prejudicial . . . ."); see also In re Richardson-Merrell, Inc. Bendectin Products Liab. Litig., 624 F. Supp. 1212, 1224 (S.D. Ohio 1985) (holding that "probative value of a deformed child or children in the courtroom on an issue of liability alone is nonexistent" and that the "unfair prejudicial effect of the presence of that child is beyond calculation"), aff'd sub nom. In re Bendectin Litig., 857 F.2d 290 (6th Cir.

---

[12] [D.E. 240-1] Plaintiff's Exhibit List, pg. 3.

1988).[13]   The Children are not to be called a witness on any issue of the case.[14]   The court in

United States v. Ashburn, 11-CR-303 NGG, 2015 WL 5098607 (E.D.N.Y. Aug. 31, 2015) found

that excluding the children from the courtroom during the criminal prosecution of their father,

was appropriate in circumstances where the presence of the children "could prejudice the jury."

Id. at 37. The court in Ashburn further advised "that it was inappropriate for children to be used

as 'props' . . . ." Id. Should Plaintiff seek to sit the Children in the courtroom, they would be used

as props to pull on the heartstrings of the jurors. The court in Ashburn cited United States v.

Perry, 479 F.3d 885, 890–91 (D.C.Cir.2007), which concluded that the exclusion of the

defendant's eight-year-old son from the father's criminal trial was acceptable because "an eight-

year-old's presence in the courtroom would neither 'ensure that judge and prosecutor carry out

their duties responsibly' nor discourage[] perjury," nor would the child's attendance "encourage

[a] witness[ ] to come forward." Perry, 479 F.3d 885, 890–91 (quoting Waller v. Georgia, 467

U.S. 39, 46 (1984)).

Here Plaintiff's Children would not ensure that defense counsel carry out their duties

responsibly, would not discourage perjury, nor encourage a witness to come forward. While this

action is not a criminal trial, the analysis is parallel. Both the criminal trials in Ashburn and Perry

focus on actions of the father that do not relate to the children, just as here the focus is on the

Insured's suicide. The court in Ashburn decided that the children becoming "props" was

prejudicial and justified their exclusion by citing Perry's decision that such an exclusion was not

a violation of the Sixth Amendment.

---

[13] It should be noted that the children being excluded from the courtroom in In re Richardson-Merrell, Inc., were actually the Plaintiffs in that action. However, even where the children were themselves a party to the action, the court did not abuse its discretion in excluding them because they provided little evidentiary value to the trial and the prejudicial effect they had on the jury substantially outweighed their probative value. See In re Richardson-Merrell, Inc., 624 F. Supp. 1212, 1224. Here, however, Plaintiff's children are not parties to the action and do not have any "right" to be present.
[14] [D.E. 240-3] Plaintiff's Witness List & [D.E. 240-4] Defendant's Witness List.

7

This same argument applies to photographic or video evidence of the Children. Photographs or videos of the Insured with his children do not prove or disprove whether Desmond Staple's manner of death was suicide, the sole remaining issue in this case. The court in <u>Ashburn</u> found that to the extent these photographs had any probative value, "their introduction would only encourage the jury to make its decision on an emotional basis." <u>Ashburn</u>, 2015 WL 5098607 at \*34 (granting motion to exclude photographs of the defendant's children). However, even if an argument *could* be made that evidence of the Children is relevant and probative to this action, its prejudicial effect far outweighs its probative value.

A fair trial contemplates fairness to both sides. In accordance with Federal Rule of Evidence 403, a trial judge "must always balance probative value against prejudicial effect, confusion of the issue or misleading the jury." <u>Green</u>, 366 Md. at 624 (finding no abuse of discretion in excluding severely injured plaintiff-children from the liability phase of a product liability case, where the children could neither testify nor meaningfully consult with counsel). Courts have acknowledged that children may be used by counsel in an attempt to play on the jury's emotions. See <u>Whittenburg v. Werner Enterprises Inc.</u>, 561 F.3d 1122, 1129 (10th Cir. 2009) (finding prejudicial plaintiff's counsel's tactic calculated to invoke sympathy, which asked the jurors to place themselves in the decedent's children's shoes); <u>Edwards v. Sears, Roebuck & Co.</u>, 512 F.2d 276, 285–86 (5th Cir. 1975) (finding that counsel evoking the image of children crying at graveside and forlornly awaiting the return of their father was calculated to prejudice the defendants and, thus, inexcusable). When the presence of children will cause prejudicial effect, courts have ordered them excluded from the courtroom.

The Eleventh Circuit has found that to exclude individuals (in this instance, Plaintiff's Children) from the courtroom, "the Court need only find a 'substantial' rather than a

'compelling' need for the [exclusion]." See Douglas v. Wainwright, 739 F.2d 531, 532 (11th Cir.1984). The "substantial" need for the exclusion of Plaintiff's Children is not only the unfairly prejudicial effect the children will have on the jury, but the physiological trauma this trial will have on the Children and the potential disruptive behavior. The four children in question are fourteen, twelve, and six-year-old twins. Children of such a tender age should not be subjected to such repugnant subjects. While the harsh reality is that the Children have lost their father, it is entirely another matter to have them subjected to listening to a trial in which their father's suicide is widely discussed in intimate detail.  Courts have excluded children from the courtroom before in circumstances where the subject of the trial was of a sensitive nature. See e.g. State v. Lawrence, 167 N.W.2d 912, 915 (Iowa 1969) (noting that it is also "generally held that minors deserve special attention and may be excluded from the courtroom in trials of a salacious nature" (citations omitted)); Zerla v. Leonard, 37 Fed. Appx. 130, 132 (6th Cir. 2002) (holding no abuse of discretion by the trial court where child was removed from the courtroom pursuant to the trial judge's policy of excluding minor children from rape trials); Downs v. Lape, No. 08–CV–92 (RJD), 2009 WL 3698134, at *1, 4 (E.D.N.Y. Oct.30, 2009) (finding that "minimizing possible disruptiveness or to shield [the child] from testimony about his family member's criminal activities" were appropriate reasons to exclude 12-year-old family member of defendant). Furthermore, children of such a young age are likely to be disruptive. See Elso v. United States, 07-21313-CV, 2012 WL 1890715, at *28 (S.D. Fla. May 24, 2012) (holding that it "was permissible" to disallow defendant's "two minor children from the courtroom during closing arguments because they could and likely would be disruptive"), aff'd in part, 550 Fed. Appx. 815 (11th Cir. 2013).  Not only will the trial be lengthy[15] and require that two six-year-old children

---

[15] Five to seven days by Plaintiff's account and twelve to fifteen days by Defendant's. See [D.E. 239] Joint Pre-Trial Stipulation: Pg. 4, ¶16.

sit quietly in the courtroom for extended periods of time, but it will also require fourteen and twelve-year-old children listen to strangers discuss how the Insured committed suicide by taking a massive overdose of Tylenol.

In light of the substantial need for the exclusion of the minor children from the courtroom in this action—the prejudicial effect, the psychological trauma, and the likelihood of disruption—Northwestern Mutual respectfully requests that this Court enter an order excluding the Children from the courtroom and barring any photographs of the Children from being entered into evidence.

**WHEREFORE**, Northwestern Mutual respectfully moves for entry of an order granting Northwestern Mutual's Omnibus Motion, holding:

a) Defendant, Northwestern Mutual is to present its case first and last at trial;

b) Plaintiff's Children are excluded from the courtroom; and

c) Any photographic or video evidence of the Plaintiff's Children are excluded; and

Granting all other and further relief that the Court deems just and proper.

Dated: November 6, 2020

Respectfully submitted,

**SHUTTS & BOWEN LLP**
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Tel: (305) 358-6300
Fax: (305) 381-9982

By: */s/ John Meagher*
John E. Meagher
Florida Bar No. 511099
*jmeagher@shutts.com*
Jake Monk
Florida Bar No. 100321
*jmonk@shutts.com*
Attorneys for Defendant

10

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that he conferred with counsel for Plaintiff via telephone on November 6, 2020, and Plaintiff's counsel does not agree to the relief sought herein.

*/s/ John Meagher*
Of Counsel


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2020, I filed the foregoing document with the Clerk of Court.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via US Mail, an authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ John Meagher*
Of Counsel


## SERVICE LIST

Theodore A. Corless, Esq.
Mary Catherine Lamoureux, Esq.
Corless Barfield Trial Group, LLC
6812 W. Linebaugh Ave.
Tampa, FL 33625
*service@corlessbarfield.com*
*tcorless@corlessbarfield.com*
*mlamoureux@corlessbarfield.com*
   Counsel for Plaintiff

Timothy W. Weber, Esq.
Jeremy D. Baillie, Esq.
Weber, Crabb & Wein, P.A.
5453 Central Avenue
St. Petersburg, FL 33710
*timothy.weber@webercrabb.com*
*jeremy.bailie@webercrabb.com*
   Co-counsel for Plaintiff


Served by CM/ECF


MIADOCS 21166305 13 N0009.0728