UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
8:17-cv-03066-MSS-TGW

CHERYL STAPLE,

    Plaintiff,

v.

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.
_____/

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the virtual jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

As I previously instructed you, a deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias.

In this case, it is the responsibility of Northwestern Mutual to prove every essential part of its affirmative defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Northwestern Mutual's affirmative defense is more likely true than not true.

If the proof fails to establish any essential part of the affirmative defense by a preponderance of the evidence, you should find against Northwestern Mutual.

In this case, Northwestern Mutual asserts the affirmative defense of suicide. Now that Cheryl Staple has proven her claim, Northwestern Mutual can prevail in this case if it proves its affirmative defense of suicide.

In order to prevail on its defense of suicide, the burden is upon Northwestern Mutual to establish by a preponderance of the evidence that Desmond Staple came to his death by his own efforts and with the intent to take his own life. "Suicide" is defined as "the voluntary and intentional taking of one's own life."

In your determination of whether Desmond Staple died by suicide, you may consider both direct and circumstantial evidence.

If you find Northwestern Mutual proved by a preponderance of the evidence that Desmond Staple died by suicide, your verdict is for Northwestern Mutual.  If you find that Northwestern Mutual did not prove by a preponderance of the evidence that Desmond Staple died by suicide, your verdict is for Cheryl Staple.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, electronically sign it and date it. The foreperson shall announce your agreement to the clerk by pressing the "Ask for Help" button. After the clerk joins the virtual jury room, the foreperson should email the completed verdict form to the clerk, who will then arrange for you to be brought into the virtual courtroom to declare your verdict.

If you wish to communicate with me at any time, please alert the clerk by pressing the "Ask for Help" button. After the clerk joins the virtual jury room, the foreperson should use the "Chat" function of ZoomGov.com to message the question to the clerk in writing. I'll respond as promptly as possible – either in writing or by talking to you in the virtual courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Exhibits admitted into evidence that are capable of being displayed electronically will be available to you via the "Box.com" platform, and you will be able to view them while in the virtual jury room.

Court staff will show you how to use the "Box.com" platform and how to locate and view the exhibits on your device. If you have questions about how to operate the "Box.com" platform, you may use the "Ask for Help" button to invite court staff into the virtual jury room. After court staff has joined, you may use the "Chat" function of ZoomGov.com to pose your questions. Do not refer to or discuss any exhibit that you were attempting to view.

If a technical problem arises, a court technician may also enter the virtual jury room. When a court technician, other court staff, or any nonjuror is in the virtual jury room, the jury shall not deliberate. You may describe the technical problem or seek information about the operation of the equipment involved, but do not discuss any specific exhibit or any aspect of the case when a nonjuror is in the virtual jury room. Likewise, no other person may be physically present in the location you are in during your deliberations. If a nonjuror enters the place in which you are physically located, the jury shall not deliberate until that person is no longer present.

While you are deliberating, you may not use your electronic devices for any purpose other than discussing the case with the other jurors via the ZoomGov.com platform, viewing the exhibits on the "Box.com" platform, reviewing or referring to these jury instructions, and/or downloading, completing, and returning the verdict form. For example, you may not access or interact with any website (other than

ZoomGov.com and Box.com), database, directory, dictionary, media player, electronic mail service, or game during your deliberations. In addition, you may not download or copy, via screen shot or snipping tool, photography, or otherwise, any of the exhibits available via the "Box.com" platform or otherwise provided to you. You may not communicate with any other juror offline or outside of the virtual jury room. All deliberations must be among the entire group.